BRADLEY, Judge.
This is a divorce case. The wife appeals and contends that the trial court erred to reversal in its division of property and award of alimony. We affirm.
The parties to this proceeding were married on December 10, 1950 and the wife filed for divorce on August 16, 1978. There were three children resulting from the marriage, two adopted and one natural child. The adopted children are ages seventeen and fourteen, and the natural child is twelve years old.
The parties owned a seven room, three bedroom home built on one hundred and one acres of land. There was also a farming operation on this land, and the wife participated in the farming operation along with the husband, as well as being a housekeeper. The farming operation consisted primarily of raising chickens* and cattle. The husband estimated that the cattle on the farm at the time of trial were worth between $16,000 and $18,000. The farm equipment consisted of a tractor, plows, a disc, a bushhog, a cattle trailer, and a 1977 pickup truck. The evidence indicated that the farm operation had been a profitable business. The farm had been appraised by the state for tax purposes at $118,000.
The husband was employed by the Ford Motor Company. His earnings for 1977 had been $23,922.52 and $26,786.86 for 1978. He testified that these earnings represented a seven day work week on his part. In 1977 the husband also received income from the farm in the amount of $3,790.13 and in 1978 this rose to $31,995.94. When asked how he would divide the farm property, the husband testified that he would not be opposed to allowing his wife to keep the house if he were permitted to run the farm. The husband stated that this would enable one of the parents to maintain a home for the children.
The wife is forty-six years old, has no separate estate of her own, and is able to work and is seeking employment. She has worked at a number of jobs in the past, including secretary-bookkeeper in a parts department and on a motor vehicle assembly line. She testified that she had given her husband some assistance in building their home and had also helped in raising the cattle and chickens.
The wife also testified that she did not want to share title to the farm with the husband, but that she wanted her award from the settlement free and clear of any claim of the husband. She stated that she would be unable to run the farm on her own.
*1271 The trial judge, after orally hearing the evidence, awarded the husband the house and farm operation, including the farm equipment and livestock, two of the three automobiles owned by the parties, and $4,900 in cash from various bank accounts. In addition, the husband was required to pay a $2,000 debt owed to the Tex-Gas Corporation.
The wife received one automobile, $1,550 in cash, $1,000 worth of stock or bonds in the Russellville Stock Barn, and diamond rings valued at about $10,000. She also received $55,000 for her half of the farm property.
The trial court awarded the wife custody of the youngest child of the parties and ordered the husband to pay child support in the amount of $275.00 per month. The husband was given custody of the other minor child. The trial feourt also required the husband to pay the wife periodic alimony in the amount of $300 a month for a period of one year or until she obtained employment, whichever occurred first.
To begin, we would say that where a court in a divorce case hears evidence ore tenus, its judgment will be presumed correct and will not be overturned except for palpable abuse of discretion. Lassitter v. Lassitter, Ala.Civ.App., 371 So.2d 918 (1979).
We would further point out that the division of an estate accumulated by the parties during their marriage is not required to be divided equally upon divorce, but is to be divided equitably. Helms v. Helms, 50 Ala.App. 453, 280 So.2d 159 (1973).
The wife’s testimony indicated that she was desirous of a settlement which would allow her an award free and clear of any claim of the husband. The trial court agreed to her request and ordered the husband to pay the wife $55,000 for her half of the farm property. Even if this was not an equal division of the property, we cannot say that the trial court abused its discretion in this award.
The wife also contends that the trial court abused its discretion in limiting alimony to $300.00 per month for not more than one year and in limiting child support to $275.00 per month. As to the amount of child support, we find no abuse of discretion by the trial court. The child is twelve years old and apparently in good health without any unusual problems.
In determining what is a proper award of alimony, factors to consider include future prospects of the parties, their ages, health, station in life, how long they were married, and, in appropriate cases, the conduct of the parties with reference to the cause of the divorce. Shirley v. Shirley, Ala.Civ.App., 350 So.2d 1041 (1977).
The parties were married for twenty-eight years; the wife performed normal household duties during this time, aided the husband in building the house and tending to the farm chores. The wife is in her mid-forties and in the past has worked at various jobs. She stated that she was able to work and wanted to work, and her experience apparently qualifies her for several different types of employment.
The husband is employed at Ford Motor Company where his earnings for 1978 were approximately $27,000. Yet the trial court awarded the wife periodic alimony of $300 per month only for a period of one year. Thus it is suggested by appellant that the trial court erred in requiring the periodic alimony to be terminated at the end of one year, especially where it appears that the appellee is able to maintain such payments indefinitely.
Notwithstanding the appellee’s ability to pay periodic alimony of $300 indefinitely, the appellant testified that she was able to work, wanted to work, and had placed applications for employment with various employers. Based on this testimony, we cannot say that the trial court erred in requiring the periodic alimony to be terminated within one year. The trial court obviously concluded that one year was a sufficient length of time for appellant to secure employment. Although this court *1272 might have decreed differently, we cannot say that the trial court’s award in this respect is plainly and palpably erroneous.
No reversible error having been successfully argued, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.