HOLMES, Judge.
This is a divorce case.
The trial court divorced the parties and awarded certain assets to each party.
The trial court specifically provided that the wife pay to the husband “as alimony in gross the sum of $18,000. to be paid on or before Dec. 1, 1982 and said sum represents the [husband’s] equity in the homeplace.”
The wife, through able counsel, appeals contending that the trial court erred in requiring her to pay the $18,000 as indicated above. We find no error and affirm.
The facts pertaining to the “homeplace” are, to say the least, somewhat unusual.
Viewing the record with the attendant presumptions accorded the trial court’s decree, the following is revealed:
The husband’s mother had owned the house for many years and had lived there with the husband, her son, for approximately twenty years. The year before the house was sold, the husband’s mother suffered a fall which left her non compos mentis. As a result, the husband’s sister was appointed as her mother’s guardian.
The sister decided to sell the house and sent notices out that the property was for sale and that bids would be taken on the house. The husband and wife were not married at this time, but they had been dating for approximately one year.
The wife and her father borrowed $14,000 and paid the purchase price for the house. However, the deed was executed conveying the property to the husband. Four days later, the husband transferred the property by warranty deed to the wife and her father.
After the house was purchased, but before they were married, the husband moved into the house and began preparing it for occupancy. Soon after moving in, the husband suffered a heart attack and the wife and her three children from a previous marriage joined the husband.
A year after the wife and her children had moved in, she in 1975 married the husband. They have been living continuously in the house from that time up until the time of the divorce in 1982.
Since the acquisition of the house, the wife had paid the payments on the house note as they came due. There was also testimony that she had made other repairs on the house from money she had borrowed and from income tax refunds and insurance proceeds from damage done to the house after a hurricane. The taxes on the house are assessed in the wife’s name and she has paid them out of her funds.
The wife is currently employed as a clerk/typist for the State of Alabama at the rate of $407 biweekly gross income. In addition, she receives $500 a month child support from her first husband.
The husband in this case is employed in the real estate business and has a real estate broker’s license. He testified that, although the amount of his income is unclear, he had contributed anywhere from $9,000 to $15,000 to “running the household” in 1981.
There was testimony that the husband repaired the house so that it was in livable condition before the wife and her children moved in and that he has performed considerable work on it since then. The husband testified that he installed central air conditioning and ceramic tile in the house and that he painted inside and out, and that *886 he repaired the sewer lines and plumbing. In addition, the husband spent $1,500, apparently given to him as a gift by his sister, on repairing or replacing the roof. There was also $3,700 from a commission due the husband that was spent by the wife on the house.
The husband testified that he transferred the deed to his wife and her father because he was worried about his health and he did not want to incur any debts in his name. He also stated that he had no other place to live.
Testimony was adduced placing the value of the house at around $80,000. The unpaid balance on the mortgage was $8,800 at the time of the trial. The only other property in the marriage besides their individual automobiles consisted of cemetery plots to which the husband made no claim.
While the trial court designated the award to the husband as alimony in gross, we find the award to perhaps be more properly characterized as a division of property. So viewing we find no error and affirm.
A division of property in a divorce is a matter within the sound discretion of the trial court, and need not be equal, but it must be equitable. Hudson v. Hudson, 391 So.2d 664 (Ala.Civ.App.1980); 8 Ala. Digest, Divorce, Key No. 286(5).
Considering all the facts of this case, we find it equitable to include the house in the property division. It is evident from the record that, although the wife and her father paid the purchase price, both parties contributed substantially to the upkeep and improvements on the home. Furthermore, we find the rather unusual situation surrounding the purchase of the home to substantiate the trial court’s action.
Even if the award is considered as alimony in gross, under the facts and circumstances we find no error.
Alabama Code § 30-2-51 (1982 Supp.) allows the trial court to order an allowance to be paid to one spouse from the estate of the other spouse if the first spouse has no separate estate.
Under the above referenced statute, if any of the property from that estate was acquired prior to the marriage, the trial court cannot take that property into consideration in making the allowance unless the trial court finds that the property was used regularly for the common benefit of the parties during their marriage.
There is no dispute in the instant case that the house was used for the parties’ common benefit and it is evident from a reading of the entire record that the husband has virtually no separate estate sufficient to maintain himself. We refer to the husband’s testimony regarding his income, his apparent inability to borrow money, his desire to have no assets listed in his name because of his health, and the logical inferences therefrom.
The awarding of alimony, along with division of property, is a matter within the sound discretion of the trial court and will not be reversed on appeal except for palpable abuse. Dennis v. Dennis, 383 So.2d 187 (Ala.Civ.App.1980); Reynolds v. Reynolds, 376 So.2d 732 (Ala.Civ.App.1979).
In view of all of the above, we find no error and affirm the trial court’s award to the husband regardless of the characterization of the award.
We note that the husband did not favor this court with a brief. However, we have carefully searched the record for a proper perspective of the facts. Needless to say, adequate briefs from both parties are an aid to appellate courts. We thank the wife for the excellent brief filed on her behalf.
The appellant requests an attorney’s fee for representation on appeal. Such request is denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.