This is a divorce case.
Leah Kate Johnson and Willie James Johnson were married in 1960 and divorced in June 1983. Mr. and Mrs. Johnson had seven children during their marriage, four of whom are still minors.
In its decree the trial court awarded the wife custody of the four minor children and support for them in the amount of $300 per month. The wife was awarded $100 per month for one year as alimony in gross, a one-half undivided interest in a twelve and one-half acre tract of land, the use of the parties' jointly owned residence which is situated on an acre tract of land for as long as there are minor children living with the wife, an automobile, and all of the furniture in the family residence. The husband was awarded title to the homeplace, all farm equipment and all other motor vehicles, and a one-half undivided interest in the twelve and one-half acre jointly owned parcel of land. The wife appeals.
The wife's first issue questions the trial court's award to the husband of full legal title to the parties' homeplace. She contends that the parties owned the property as tenants in common with right of survivorship and, therefore, the trial court had no authority to award her interest in the property to the former husband. The ex-wife relies on the case of Durant v.Hamrick, 409 So.2d 731 (Ala. 1981), as authority for her contention.
Durant does hold that a deed creating in the original grantees concurrent ownership in property as tenants in common for life with cross-contingent remainders to the survivor in fee is indestructible by the act of the cotenant. However, in the case at bar it appears that the parties are joint tenants with right of survivorship in the homeplace rather than tenants in common. But whether they are joint tenants or tenants in common in the property in question is not dispositive in this case.
The parties submitted themselves to the jurisdiction of the equity court for a divorce decree and when they did so they empowered the equity court to supply the consent of either party to a division of their property. Killingsworth v.Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969); Owens v.Owens, 281 Ala. 239, 201 So.2d 396 (1967). We, therefore, find that the trial court had the authority to divide the parties' property.
The wife says that even if the court had the authority to transfer her interest in the homeplace to the husband, it abused that authority. She says that the land was a gift from her husband's parents and that she helped her husband build the family residence on that property. She also testified that she worked for other people as a farm laborer to earn money to help pay for materials that went into the house. She said that she also participated in the construction of the house.
The division of property in a divorce action is within the discretion of the trial court and need not be equal, but must be equitable. Smith v. Smith, 423 So.2d 884 (Ala.Civ.App. 1982). The trial court's exercise of such discretion will not be disturbed except for plain and palpable abuse. Perkins v.Perkins, 419 So.2d 593 (Ala.Civ.App. 1982).
Although the trial judge said that it was not his policy to award a spouse ancestral property, we conclude, after a careful review of the record, that the evidence supports the award of the homeplace to the husband.
The husband is a farmer and farms the other land owned by the parties. The husband was awarded all of the farm machinery and vehicles other than the one awarded to the wife; the homeplace is close to *Page 625 
the husband's parents' property, and the husband's farming operation is a source of income from which he pays child support and alimony.
Based on the evidence we do not find that the trial court abused its discretion in awarding the husband the homeplace.
The wife's next contention is that the trial court erred in the amount of child support awarded.
Amount of child support to be awarded in a divorce case is for the trial court's discretion and will not be revised on appeal except where discretion was abused. Plaskett v.Plaskett, 348 So.2d 784 (Ala.Civ.App.), cert. denied,348 So.2d 789 (Ala. 1977). The amount of child support to be awarded in a divorce proceeding depends upon the needs of the children and the ability of the parent to pay. Metcalf v. Metcalf,340 So.2d 38 (Ala.Civ.App. 1976).
The trial court awarded the mother $300 per month for the support of four minor children. There was no evidence in the record as to the needs of the children.
There is evidence in the record that the father earned about $25,000 in 1981 and about $13,000 in 1982. The father is a county commissioner in Hale County. He will earn $9,600 from that job in 1983. He farms and also has a job at a poultry plant. The evidence shows that the husband has a sizeable amount of indebtedness as well as his personal living expenses.
The evidence supports the award of child support.
Finally, the wife argues that the trial court erred in awarding her alimony in the amount of $100 per month for one year. We agree.
The record shows that the parties were married for twenty-three years and had seven children. The wife worked in the fields to earn money to build the parties' house and to help support the family. She cared for the children and when some of them became older she wanted to go to school so that she could get a better paying job. The husband discouraged her by saying that he wanted her to stay at home and take care of the children. She did.
In 1980 and 1981 the husband assaulted the wife, causing her physical harm. The second time she was assaulted, the wife left the marital home and has not returned. During the time the parties were separated, the wife, who had the minor children with her, lived with relatives and received aid by way of food stamps and welfare assistance.
The wife has no skills other than as a housewife, mother, and laborer. She did say that she wanted to be a nurse's aid but that would require a good bit of training.
For the twenty-three years of marriage, the wife received the custody of the four minor children, $300 per month for their support, all of the furniture in the marital residence, one 1978 automobile, an undivided one-half interest in the twelve and one-half acre tract of land the parties owned — she was a joint owner of the property before the divorce — and $100 a month for twelve months as alimony in gross.
In determining what is a proper award of alimony, factors for the trial court to consider include future prospects of the parties, their ages, station in life, how long they were married, and the conduct of the parties with reference to the divorce. Hester v. Hester, 379 So.2d 1269 (Ala.Civ.App. 1979),cert. denied, 379 So.2d 1272 (Ala. 1980).
In the present case it certainly appears that the future prospects of the wife to earn more than a minimum wage are slim to none; whereas the husband's future prospects for increased earnings appear much brighter. During the twenty-three years of the marriage, the wife was a mother — seven children — and a helpmeet in every sense of the word. Further, the cause of the divorce was due to the husband's assaults on the wife.
This evidence warrants the conclusion that the wife is entitled to more than $1,200 as alimony in gross from a husband earning between $13,000 and $25,000 a year. The award of $1,200 as alimony in gross by *Page 626 
the trial court amounts to an abuse of the court's discretion and is reversible error.
That aspect of the decree awarding the wife $100 per month for twelve months as alimony in gross is reversed and the cause is remanded for entry of a judgment awarding the wife $150 per month as periodic alimony; all other aspects of the decree are affirmed.
The wife is awarded $350 as an attorney's fee on appeal.
The husband's request for an attorney's fee is denied.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.