BRADLEY, Judge.
This is a divorce case.
Joel W. Boyd and Rosalind West Boyd were married in 1975 and divorced in 1984. There were no children born of this marriage though Mrs. Boyd has two daughters by a previous marriage.
In its decree the trial court awarded the wife the home, household furnishings, a $500 certificate of deposit, her vehicle, and $2,400 alimony in gross. The husband received more than $29,000 in certificates of deposit, a boat and motor, ten acres of land in Mississippi, and his vehicle. These are virtually the same belongings the parties had prior to the marriage. In its divorce decree the trial court stated that its intent was to restore the parties to their respective positions prior to the marriage.
Mr. Boyd contends that the trial court abused its discretion in failing to consider Mr. Boyd’s contributions to the family home. The record does not uphold such an allegation.
Mrs. Boyd owned the house at issue, about four years prior to the marriage, acquiring it as part of her 1972 divorce. There was a mortgage against the house. Mr. Boyd helped her make payments on it prior to the marriage. Upon their marriage Mr. Boyd moved into the house with Mrs. Boyd and her daughters. They soon moved out of town, renting out the house. Later they moved back into the house, but only after making extensive improvements *86 on it. They borrowed $15,000 and used $8,000 to $9,000 insurance proceeds from a kitchen fire. They repaid the loan using proceeds from the sale of another house they owned, purchased with contributions from both the Boyds. Both worked during the entire duration of the marriage.
The divorce was granted based on physical cruelty and no-fault grounds. There was evidence presented to the trial court from which it could find that Mr. Boyd struck Mrs. Boyd and her two teenage daughters, once breaking one of Mrs. Boyd’s fingers such that she had not regained full use of it. Mr. Boyd struck Mrs. Boyd “on several occasions,” once causing her to miss work for three days due to marks on her face. The record does not reflect any fault on the part of Mrs. Boyd. The trial court can consider the relative fault and conduct of the parties in making a property division. Johnson v. Johnson, 446 So.2d 622 (Ala.Civ.App.1983); Miller v. Miller, 361 So.2d 577 (Ala.Civ.App.1978).
Property division is within the sound discretion of the trial court and need not be equal but it must be equitable. Johnson, supra; Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981). The trial court’s division of property in this case is equitable and does not constitute an abuse of the discretion reposed in it.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.