WRIGHT, Presiding Judge.
This is a divorce case. The issue on appeal is whether the trial court failed to make an equitable division of the property acquired during the marriage.
The parties divorced after sixteen years of marriage. Four children were born of this marriage, one of whom is now deceased. A wrongful death action was filed after the child’s death, resulting in a recovery of $800,000. These funds were invested and intermingled with the parties’ other assets. The husband owns a one-half interest in E.B. Walker and Son Corporation and a one-half interest in E.B. Walker Export *1241 Corporation. He receives $18,000 to $20,-000 a year from these corporations and another $25,000 from investments for an annual income of $45,000. The husband’s financial statement shows his net worth to be approximately $1,600,000 (includes two houses valued at $500,000 and his one-half interest in the two businesses). During their married life, the wife has raised the parties’ children. She has never worked.
The marital relationship of the parties has not been stable since its inception in 1969. The marriage deteriorated further in 1977 when one of their children died in a tragic accident. There was evidence that since the child’s death the husband physically and verbally abused the wife and that the wife started going out dancing without her husband three or four times a month. The parties have been involved in marital counseling from two separate marriage counselors for the past two years. Both counselors testified that the Walkers were incompatible. The event which precipitated the divorce occurred when the husband found the wife in a lounge kissing another man.
The husband filed suit for divorce in 1985, alleging incompatibility of temperament. The wife answered and cross-claimed for divorce on the same grounds. After an oral hearing, the court rendered a final decree of divorce. Custody of the children was placed with the mother. The court divided the assets accumulated during the marriage thusly: The wife received $2,500 a month periodic alimony and child support; the family home valued at $300,-000; all of the household goods (valued between $45,000 and $50,000); $150,000 alimony in gross; and the automobile currently in her possession. The husband received the home located on Ono Island (valued at $190,000); the furnishings from this home (valued between $10,000 and $15,000); a lot in Baldwin County valued at $30,000; his one-third share of an office building; his one-half interest in both corporations; the Dauphin Street Apartments; gold and silver coins valued at over $60,000; $40,000 worth of stock; and the automobile which was in his possession. The court ordered the husband to pay all of the major medical expenses of the children; to maintain a life insurance policy in the amount of $300,000 with the children as the beneficiaries; to pay for the children’s tuition and books at private school; and to maintain a membership in the Mobile Country Club for the benefit of the children. The court further ordered the husband to pay the joint debts of the parties. The wife appeals from that judgment.
The wife contends on appeal that the court failed to make an equitable division of the parties’ property. She asserts that the court incorrectly awarded the proceeds of a wrongful death action to the husband in violation of §§ 30-2-51-52, Code of Alabama 1975.
Initially, we note that in an ore ten-us case the judgment of the court is presumed to be correct. Golson v. Golson, 471 So.2d 426 (Ala.Civ.App.1985). The division of property in a divorce case is within the sound discretion of the trial court. Boyd v. Boyd, 456 So.2d 85 (Ala.Civ.App.1984). This division of property is not required to be equal, but must be equitable according to the facts and circumstances of each case. Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985).
There is nothing in the record which indicates that the court awarded the wrongful death proceeds to the husband. The court stated that it was unable to trace the $800,000 from the wrongful death proceeds. Furthermore, the evidence presented to the court was that these funds had been intermingled with the parties’ other assets (i.e., over $150,000 had been used to renovate the parties’ residence). After a careful examination of the record and in light of the property awarded to the wife, we find no abuse of discretion.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.