HOLMES, Judge
(dissenting).
I respectfully dissent.
Appeals involving the admissibility of certain evidence and the effect of that evidence on a trial court’s final judgment are often difficult to resolve — this is especially true when the law regarding the admissibility of certain evidence is altered by the appellate courts during the trial court’s proceedings. Certainly, this case highlights that difficulty.
With that difficulty in mind, I am generally in agreement with the majority’s conclusions as to the admissibility of the evidence in this case. However, upon due consideration of the record, I believe that the case is nevertheless due to be affirmed.
My belief is founded on the fundamental presumption of correctness accorded a trial court’s judgment following ore tenus proceedings with respect to a divorce case.
In this case the learned and distinguished trial judge divorced the parties, effectuated a division of the property, and awarded custody of the two minor children to the husband. The husband was awarded the marital residence and other properties. Pertinently, the wife was awarded approximately one-third of the marital property, i.e., more than $200,000 in property, which included an award of alimony in gross in the amount of $77,000 and an award of periodic alimony in the amount of $400 per month for forty-two months. Moreover, the record shows that the wife was a successful insurance agent and that her future prospects were, therefore, good.
In short, my review of the record is that the trial court’s action regarding the awards was not plainly and palpably wrong. Walker v. Walker, 498 So.2d 1240 (Ala.Civ.App.1986); Cooper v. Cooper, 473 So.2d 1083 (Ala.Civ.App.1985).
By dissenting in this case, I do not wish to be understood as minimizing the impor *621 tance of the majority’s conclusion that the holding in O’Daniel should hereafter work to exclude at least tapes such as that one which clearly falls within the exclusionary provisions of Title III of the Omnibus Crime Control and Safe Streets Act.
That tape was obtained by the husband surreptitiously placing a voice-activated tape recorder under the seat of the wife’s automobile. When the wife spoke over a car telephone, her end of the conversation —i.e., her voice — was recorded by means of the recorder placed under the seat.
Such a recording is covered by 18 U.S.C. §§ 2510-2520 (1982). That Act prohibits the introduction of evidence obtained by the interception of oral as well as wire communications. See United States v. Carroll, 337 F.Supp. 1260 (D.D.C.1971).
Specifically, the Act prohibits the introduction of evidence obtained by the interception of oral communications uttered in a setting where there is an expectation of privacy. Speaking within the confines of an automobile is such a setting. United States v. Harrelson, 754 F.2d 1153 (5th Cir.1985).
Since O’Daniel held that 18 U.S.C. §§ 2510-2520 is applicable to Alabama divorce cases, the Act’s provision prohibiting the interception of oral communications is applicable in this case. Thus, such a recorded conversation as that noted was prohibited by the Act and was inadmissible as the majority concludes in this case.
It is worth remembering, however, that O’Daniel had not yet been decided during the trial in this case. In short, at the time of the trial of this case the law was far from clear as to the admissibility of the evidence in question.
More importantly, my review of the record reveals ample evidence in support of the trial court’s judgment notwithstanding the evidence in question.
It is well settled, of course, that
“No judgment may be reversed or set aside, nor new trial granted in any civil ... case on the ground of ... the improper admission ... of evidence, ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
Rule 45, Alabama Rules of Appellate Procedure; Davis v. Davis, 451 So.2d 316 (Ala.Civ.App.1984).
Having reviewed the record in this case, I cannot conclude that the admission of the evidence in question resulted in prejudicial error to the wife. That is, there was other competent and admissible evidence to support the trial court’s judgment.
In so noting my dissent in this case on the grounds stated, I am cognizant of the importance of always keeping in focus that domestic relations matters are traumatic and that a prompt resolution of the dispute is in the best interests of all concerned. The reversal and remand of cases of such a nature must, therefore, be based on plain, palpable, and prejudicial error to the appellant. As indicated, I find no such reversible error in this case.
I emphasize that O’Daniel is now the law in Alabama. I, therefore, conclude with a caveat. The unsettled nature of the admissibility of the evidence no longer exists. Harmless error will in the future not generally prevail over a lack of adherence to O’Daniel.
In this instance, however, I would note my dissent for the reasons given.