324 So.2d 789

**Billie ·H. LONG**

v.

**Patricia Duff LONG.**

**Civ. 637.**

Court of Civil Appeals of Alabama.

Dec. 31, 1975.

Whitesell & Gordon, Montgomery, for appellant.

George H. B. Mathews, Montgomery, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from the provisions of a divorce decree awarding alimony and division of property.

A divorce was granted the husband upon his cross-complaint on the ground of incompatibility. The wife was awarded title to the home and all household furnishings, a 1974 automobile, $700.00 cash, $1,500.00 attorney fees, alimony for two years at $750.00 per month and thereafter alimony of $500.00 per month until death or remarriage. The husband was awarded a savings account containing some $5,000.00, savings bonds of the value of some $4,000.-00 and a 1966 model automobile. Husband appeals from the decree, primarily complaining of error in the award of the monthly alimony.

The evidence discloses certain pertinent facts. The parties were married for over 20 years. Two daughters were born who are now adult college students of the ages of 19 and 20 years. The husband is a retired military master sergeant, currently drawing, after insurance premium deductions and taxes, a monthly net of $386.46. He is employed by the State of Alabama as Warden of Mt. Meigs Medical and Diagnostic Center. His gross salary is $15,039.00 annually. His monthly net salary is $914.33. Salary plus retirement totals a net monthly income of $1,294.00.

The parties purchased a home in 1971 with a $7,500.00 down payment. The evidence does not disclose a present market value of the home. It may be reasonably inferred that over four years of payments plus inflation have substantially increased the equity therein. The wife has not been

employed during the marriage and has no job skill. In 1966, the wife was found to have a disease known as systemic lupus erythematosis. This disease causes the body to have an immunological reaction to its own tissue. It may affect the organs of the body in various ways. It affects the central nervous system. The primary danger to mortality is in involvement of the kidneys. Regular evaluation at intervals of six months to a year is required to check any effect on the kidneys. Mrs. Long has had no kidney involvement at this time. She has had some skin involvement from the disease. She is stated to be highly nervous and tends to be neurotic in behavior. Psychiatric consultation has been advised. It is expected that Mrs. Long will need to see a physician often, primarily to relieve her mind as to symptomatic problems which may arise. Her physician places no restriction on any activity which she feels like undertaking. Mrs. Long takes some seven drugs. Some daily and others as needed. They include vitamins, anti-histamines, aspirin and a large volume of a tranquilizer.

Mrs. Long has had a hysterectomy and several breast excisions for benign cysts and is clearly unwell. However, though not openly stated in the deposition of the physician, it is clearly to be inferred therefrom that the physical and mental well-being of Mrs. Long would improve if she became more active and less dependent upon drugs and medical reassurance.

After careful consideration of the evidence and the decree of the trial court, we conclude that the court exceeded its discretion when it awarded to the wife all of the real and personal property of the husband, other than savings, and more than 60% of his net income for a period of two years and nearly 40% of his income thereafter. The savings awarded the husband are considerably lessened by the award in the decree of $700.00 lump sum alimony, a $1,500.00 attorney fee and costs of court. We recognize the loss by the wife of free medical care and drugs previously available to her as the wife of a retired military man. However, we also recognize that Mrs. Long may diminish her expenses and secure cash reserve by disposing of the home given to her and which will be unneeded with the adulthood of her children. Neither husband nor the wife is any longer obligated to provide support for the children. *Hutton v. Hutton,* 284 Ala. 91, 222 So.2d 348.

Though we have numerous times stated that an award of alimony is a matter within the discretion of the trial court and the amount is dependent upon the facts of the particular case, *Turner v. Turner,* 46 Ala. App. 350, 242 So.2d 397; *Hutton v. Hutton, supra,* we have also said the award must not be unreasonable nor arbitrary. *Lipham v. Lipham,* 50 Ala.App. 583, 281 So.2d 437.

We are neither cited nor are we aware of any precedent for awarding as alimony more than 60% of a husband's net income. Such an award, in the absence of showing extreme need, such as total infirmity of the wife, and/or infamous treatment by the husband, would tend to remove incentive of the husband to work and earn.

We therefore reverse the award of periodic alimony and direct the trial court to enter an award of $500.00 per month. The other provisions of the decree are affirmed.

Appellee's motion for attorneys fees on appeal is granted in the sum of $300.00.

Affirmed in part, reversed in part with direction.

BRADLEY and HOLMES, JJ., concur.