WRIGHT, Presiding Judge.
This case appears here for the second time. It was first appealed by the wife upon the issue that the trial court erred in its award of alimony in gross for refusal to consider any of the husband’s estate acquired prior to the marriage. This court reversed the judgment below only in respect to its application of § 30-2-51, Code (1975) to the property of the husband, i.e., that the property acquired prior to marriage was not for consideration in determining an award of alimony. Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980). The judgment was affirmed in all other respects and remanded only for the purpose of reconsideration of the amount of alimony in gross awarded in light of our decision that the entire estate of the husband should be considered in making such an award.
Subsequent to our remand with directions, the trial court made certain new findings of fact, relating therein that in response to our remand it now determined that the conduct of the wife was the cause for the breakdown of the marriage. It further related substantial evidence as to the misconduct of the wife from which it now determines such fault as to require her total disqualification from any alimony in gross or share of the husband’s estate other than the personal property first awarded. The court then determined that the wife’s testimony in many instances was unworthy of belief and further that the estate secured by the husband prior to the marriage was not used in sufficient degree to qualify for consideration under the statute. The court then amended its original judgment, striking therefrom the award of $120,000 as alimony in gross and granting in lieu thereof periodic alimony in the amount of $2,000 per month for five years with termination upon remarriage. An award of alimony in gross was denied for “the misconduct of the wife which ultimately caused this divorce.” The latter statement is obviously intended to apply § 30-2-52, Code (1975) for the first time.
It is the judgment of this court that its mandate to the trial court upon remandment was explicitly clear. The original judgment was affirmed in all respects except for the award of alimony in gross. We made factual findings that the conduct of the parties during the marriage was so equally condemnable that the element of fault should be disregarded and such conduct not iterated in our opinion. We also found that the evidence preponderantly established that the estate of the husband and the income therefrom was regularly used for the common benefit of the family.
The trial court failed to follow our mandate merely to reconsider, in light of our *86 findings of law and fact, the amount to be equitably awarded to the wife from the entire estate of the husband. In addition, it has made findings of fact contrary to those of this court and has applied statutes not previously considered.[1]
The trial court has grievously erred in failing to understand and comply with the mandate of this court. For its consideration in this and cases in the future, we refer the trial court, without quotation herein, to comments of our supreme court in similar instances in the following cases: Herstein v. Walker, 90 Ala. 477, 479, 7 So. 821 (1890); Lyon v. Foscue, 60 Ala. 468, 480 (1877).
We therefore reverse and set aside the denial of alimony in gross and/or property division to the wife from the estate of the husband. As there was no appeal by the husband from the judgment granting periodic alimony to the wife, that provision of the judgment below is hereby affirmed.
Having largely undisputed testimony before us that the estate of the husband, partly composed of tax-free bonds valued at $1,825,000 and real estate valued at more than $600,000, and various other valuable property such as stocks, is of total value in excess of $2,500,000, it is the judgment of this court that the wife should receive from such estate as alimony in gross and property division tax-free bonds of the fair and reasonable market value of $200,000 or other property — real, personal or mixed — of equal value as may be agreed upon between the parties. For the purpose of entering such judgment and no other as to any matter now or previously before this court, this cause is remanded for immediate entry of judgment as herein directed.
We find no merit in the cross-appeal of the husband from the order of the trial court denying his motion to supplement the record by adding thereto information relating to the alleged separate estate of the wife obtained since the original decree entered on September 26, 1979. The judgment of the trial court in denying such motion is affirmed.
In response to the request of the wife, we award to her the sum of $2,000 for services of her attorney on appeal.
APPEAL: AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTION.
CROSS-APPEAL: AFFIRMED-.
BRADLEY, J., and SCRUGGS, Retired Circuit Judge, concur.
HOLMES, J., recuses himself.

. We do not deem it appropriate to consider the applicability of § 30-2-52, Code (1975) in this case.