This is a divorce case.
The trial court after an ore tenus hearing divorced the parties, made a division of property and awarded the wife periodic alimony.
The husband, through able counsel, appeals, contending the trial court so abused its discretion in the division of property and the award of periodic alimony that reversal is required. We disagree and affirm.
Viewing the record with the attendant presumptions accorded the trial court's action, the following is revealed: *Page 159 
The parties had been married for more than twenty-five years. The husband was forty-five and the wife was forty-six when they were divorced. The husband is a machinist with a gross income of approximately $20,000 per year. The husband also earned approximately $2,000 from a part-time job during the year prior to the divorce. At the time of the divorce, the wife was working as a cashier and taking home approximately $100 per week.
The parties owned a home valued at $50,000 to $60,000 which was encumbered with a $20,000 mortgage. There was evidence that the home needed approximately $7,000 in repairs. The parties owned a one acre tract adjacent to the airport valued at $1,000 to $1,500. The parties also owned a five acre tract near the home with an estimated value of $2,000 to $4,000 per acre. The husband kept a small tool shop on part of this five acre tract.
The parties owned three cars, two motorcycles, and a small truck. One car and one motorcycle were for the use of the parties' minor son.
The evidence indicates the parties had been experiencing marital problems for several years. The husband admitted to a long term adulterous affair.
With these facts before it, the trial court entered a decree which provided as follows:
The husband was awarded custody of the parties' sixteen year old son and the wife was awarded reasonable visitation rights.
The wife was awarded the house, the furniture and household items, and one car. She was to assume the indebtedness on the home.
The husband was awarded the remaining cars and motorcycles. The one acre tract of land near the airport was awarded to the husband. The husband was also awarded the shop, tools and one acre of the five acre tract. The remaining four acres of the five acre tract were to be sold with the proceeds to be divided between the parties, forty percent to the wife and sixty percent to the husband.
The husband was ordered to pay the wife $2,000 in a lump sum and was further ordered to pay the wife $60 per week as periodic alimony.
We initially note that a trial court is awarded wide discretion in awarding marital assets in divorce cases and such discretion is presumed correctly applied on appeal. Cox v. Cox,395 So.2d 1027 (Ala.Civ.App. 1981). A division of property need not be equal but must be equitable under the circumstances of each case. Weaver v. Weaver, 394 So.2d 378 (Ala.Civ.App. 1980),cert. denied, 394 So.2d 380 (Ala. 1981).
In the instant case, the wife received a car, some cash, and the marital home which was in need of repair and encumbered by a mortgage. The husband received all other vehicles, a portion of the land owned by the parties, and part of the proceeds from the sale of the remainder of the property.
Considering the length of the marriage, the relative earning capacity of the parties, and the evidence of the husband's adultery, we cannot say the trial court abused its discretion in the division of property.
There is no mathematical formula to ascertain the propriety of the amount awarded as alimony. Phillips v. Phillips,344 So.2d 786 (Ala.Civ.App. 1977). The amount to be awarded as periodic alimony is based on the factors stated in Nolen v.Nolen, 398 So.2d 712 (Ala.Civ.App. 1981). Applying these factors to the instant action, we note that the wife is middle-aged and earns a small income. The parties, as indicated above, had been married more than twenty-five years, and the husband's adulterous conduct contributed to the marital breakdown. Upon these facts, we find the trial court did not abuse its discretion in ordering the husband to pay the wife $60 per week in periodic alimony.
Finding no error on the part of the trial court, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 160