The appeal is from an order denying a request to vacate or to modify a divorce decree. There is also a petition for writ of certiorari to review the judgment of contempt entered against the former husband.
The parties here were divorced on June 4, 1980. That aspect of the decree relating to alimony, child support and custody, and all property rights was grounded on an agreement of the parties. The pertinent provisions of that agreement authorized the custody of the minor child to be placed with the mother and provided that child support shall be fifteen percent of the father's gross income. The child support was to be paid until the child reached age nineteen, died, married, or became self-supporting. Should the child remain in school, college included, after age nineteen, support payments were to continue. If the child actually lives with the father, child support payments would cease.
That aspect of the divorce decree agreed to by the parties hereto relating to alimony provided that the former wife was to receive twenty-five percent of the former husband's gross income until such time as she dies, remarries, or cohabits with a member of the opposite sex. It is also provided that in the event the minor child lives with his father the alimony increases from twenty-five percent to thirty-five percent of the former husband's gross income.
Appellant Epperson first argues that the trial court's decision to hold him in contempt was improper. The trial court based its contempt citation on the facts that Epperson had not paid his former wife the required percentage of certain bonuses he had received from his employer in 1981 and 1982 and that he had failed to provide life insurance coverage for her as ordered in the divorce decree. His attack on the judgment of contempt centers on an argument that the phrase "gross income from Sirco Systems, Inc. or any division of Sirco or Jemison Investments or any successor employer of the defendant" is ill-defined and not susceptible of clear interpretation. For these reasons he argues that a contempt citation based on an ambiguous judgment is improper and cites the general rule that a judgment must be complete and certain. Jasper Land Co. v.Riddlesperger, 25 Ala. App. 45, 140 So. 624 (1932).
We readily agree with Epperson's assertion that a judgment must be clear and unambiguous. However, in Horsley v. Horsley,390 So.2d 1058 (Ala.Civ.App.), cert. denied, 390 So.2d 1060
(Ala. 1980), we stated the rule for construction of judgments when we said:
 "Judgments and decrees are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties. Price v. Price, Ala.Civ.App., 360 So.2d 340 (1978); Reeder v. Reeder, Ala.Civ.App., 356 So.2d 202 (1978). Such intent can be derived from the provisions of the agreement. Reeder v. Reeder, supra."
Thus, where a judgment can be construed in such a manner as to express the intention of the parties, it must stand.
The phrase in the instant action which Epperson says is ambiguous requires that alimony be based on a percentage of his "gross income from Sirco Systems, Inc. *Page 573 
or any division of Sirco or Jemison Investments or any successor employer of the defendant." He claims that the uncertainty of this phrase makes it impossible to determine whether two bonuses paid in 1981 or 1982 should be available for the alimony calculation. The trial court concluded correctly, we believe, that the term "gross income" contemplates bonuses paid by an employer to an employee. The commonly accepted definition of the term "gross income" from Webster's Third New International Dictionary (1966) is that it is an overall total amount exclusive of deductions. Thus, the term is comprehensive to the degree that it would contain bonuses paid by an employer. The trial court did not commit error in so holding.
As to the former husband's failure to make the former wife a beneficiary of certain life insurance policies, the record is clear that Epperson failed to abide by this aspect of the divorce decree; thus the trial court did not err in this aspect of its contempt order.
Former husband's next contention is that the contempt order is void because the petition for the rule nisi is grounded on a defective affidavit and thus the court was without jurisdiction to hold him in contempt.
The affidavit attached to the rule nisi petition is based on information and belief and, according to the former husband, such a petition fails to give the court jurisdiction to render a contempt order.
The former wife replies that where contempt proceedings are commenced by the issuance of a citation or rule nisi as opposed to the issuance of a warrant of arrest, no verification is required.
Where a constructive contempt proceeding is commenced by the issuance of a rule nisi, no affidavit in support of the petition for the rule is required. Carroll v. State,350 So.2d 723 (Ala.Cr.App. 1977).
In the case at bar the former husband was served with a copy of the petition for rule nisi. He appeared in response thereto with counsel and was accorded a hearing thereon where witnesses testified and evidence was received. These proceedings assured Epperson of all those constitutional rights to which he was entitled. Since no affidavit was required in support of the petition for the rule nisi, whether the affidavit that was attached thereto was based on information and belief is irrelevant. No error here.
Epperson's next issue concerns the size of the amount of the alimony award. He contends that the award exceeds fifty percent of his net income and that in so doing it is prohibited. SeeLong v. Long, 56 Ala. App. 648, 324 So.2d 789 (1975). These arguments, however, ignore the fact that the divorce decree was based on an agreement between the parties. This agreement provided that Epperson's gross income would be used in making the calculation. In fact, the record indicates that Epperson contacted the attorney who drew up the agreement and that he supplied information on which to base the terms of the agreement. Because of these facts, he cannot now complain that the alimony payments cost an unfair percentage of his net income.
In an interrelated issue Epperson argues that the trial court's decision should be overturned because the original divorce decree was procured through fraud or mistake. He claims that the trial court improperly refused to allow him to prove fraud or mistake in connection with the original decree and argues that the parol evidence rule should not stand as a bar to admission of such testimony. He claims that the proffered testimony would have shown that he was unaware of the contents of the instrument at the time he signed it.
We note from a close examination of the record that numerous objections to the testimony concerning mistake or fraud were interposed. These objections ranged from objections made on the basis of form to objections based on the parol evidence rule. However, because of other testimony on the record, we feel that the trial court's failure to hear the evidence was, at most, harmless error. Our examination of the record *Page 574 
shows that Epperson contacted the attorney who drew up the agreement, consulted with him on several occasions when the proposed agreement was discussed, provided the attorney with the information in the agreement, was a college graduate, was the chief executive officer of a sizable business operation, and consulted his accountant about how much he would have to pay his former wife monthly based on the thirty-five percent of gross income. Since such evidence is present, any error which could have resulted from the exclusion of other evidence is harmless error and cannot serve as grounds for a reversal. See
Rule 61, Alabama Rules of Civil Procedure; Rule 45, Alabama Rules of Appellate Procedure.
Epperson's final contention is that the trial court erred by awarding former wife an attorney's fee.
The trial court found the former husband in contempt for failure to comply with the agreed divorce decree and refused to vacate the agreed divorce decree or to modify it as requested by the former husband.
It is within the trial court's discretion to award an attorney's fee to the wife in a divorce decree modification proceeding, Peterson v. Peterson, 403 So.2d 236 (Ala.Civ.App.),cert. denied, 403 So.2d 239 (Ala. 1981), and to award an attorney's fee to the wife where the husband has been held in contempt for failure to pay support. Foster v. Foster,409 So.2d 833 (Ala.Civ.App. 1981). The exercise of discretion in either instance will not be reversed except for an abuse of that discretion. We find no abuse of discretion by the trial court in this case.
The judgment of the trial court refusing to vacate or modify the divorce decree is affirmed. The judgment of the trial court holding the former husband in contempt is also affirmed.
The former wife has requested an attorney's fee for defending this appeal. We hereby award her $500 for such representation.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.