This is a divorce case.
The parties were divorced on November 10, 1983, on grounds of incompatibility. The trial court made no finding of fault against either party. As property settlement the wife was awarded use and possession of the family residence, together with title to its contents; a 1979 Lincoln automobile; and joint ownership in a lot near the family residence.
The court required periodic payments of the husband including the balance of all mortgage payments and ad valorem taxes on all real estate owned by the parties including the family residence; hazard insurance on said residence; life insurance on the husband's life of not less than $50,000 with the wife as beneficiary or if unable to secure such amount, to make the wife beneficiary of whatever amount of insurance the husband presently has; $500 per week as alimony; and attorney fees in the amount of $5,000 plus court costs. The husband's primary contention on appeal is that the trial court erred to reversal in awarding the wife periodic payments (in addition to said property settlement) which go well beyond his financial means.
The evidence pertinent to the husband's financial picture shows that the husband is president and 98% stockholder of two corporations; Coosada Trucking Company (Coosada) and Bill Echols Trucking. The former is a hauling operation and the latter is a truck repair and maintenance service company. The office manager for the combined businesses stated that the companies have a gross annual income of approximately five million dollars. However there was substantial evidence presented at trial that the companies were heavily in debt. The office manager stated that because of the debts, Coosada was not making any money and had written approximately twelve checks on insufficient funds in the last year. There was also evidence that the husband had considered bankruptcy in 1982 but had avoided it through the help of an able attorney and cooperative creditors. The tax returns for Bill Echols Trucking showed negative income for the years 1980, 1981 and 1982, and Coosada showed a negative income for 1981. The husband and wife had a taxable income for 1981 of $20,235, and evidence showed their income had not fluctuated greatly in recent years.
The trial court in granting a divorce has the authority to order an allowance to a spouse who has no separate estate or an estate insufficient to maintain that spouse. § 30-2-51, Code of Alabama 1975 (Repl.vol. 1983). A spouse's misconduct can increase the amount of alimony that spouse must pay. § 30-2-52
of the Code (Repl.vol. 1983). There is no fixed rule for alimony and each case must be decided on its own facts. Stewartv. Stewart, 341 So.2d 490 (Ala.Civ.App. 1977). It is proper to make inquiry into such relevant factors as:
 "(1) the earning ability of the parties; (2) their probable future prospects; (3) their age, sex, health and station in life; *Page 912 
(4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of divorce. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184 (1950)."
The award of alimony and a division of property in the granting of a divorce are matters for the discretion of the trial court; however, the exercise of such discretion must be based upon equitable principles and is thus subject to review on appeal if the result is arbitrary and unjust. Dees v. Dees,390 So.2d 1060 (Ala.Civ.App. 1980).
In applying these principles to the judgment of the trial court, which is presumed correct, we find the burden placed on the husband by the terms of the divorce decree to be not supported by the evidence. The purpose of the award of property and alimony according to statements of the court during trial was to preserve the business. The reason stated was that the husband appeared uniquely qualified to manage the business and also that the business employed all three of the parties' adult children. We find the award to the wife to be so oppressive as to endanger the continued operation of the business, which is necessary to the livelihood of the family. "Such an award, in the absence of a showing of extreme need, such as total infirmity of the wife, and/or infamous treatment by the husband, would tend to remove incentive of the husband to work and earn." Long v. Long, 324 So.2d 789 (Ala.Civ.App. 1975).
The wife's only job since 1974 has been assisting in the management of the family business. In considering what periodic payment would be equitable and reasonable, we note that in 1980 the wife received as salary from Coosada $10,050, which was later corrected to $8,625, and received no compensation from Bill Echols Trucking. In 1981, as stated earlier, the parties' combined income was $20,235. In view of the fact that the wife will be receiving cost-free housing from the award, with other benefits, it appears that alimony in an amount approximating her annual salary during the marriage would be reasonable and fair to both parties. Upon remandment we suggest such amount for the consideration of the trial court.
Appellant also contends the trial court had no jurisdiction to award the vacant lot on Haggerty Road in Wetumpka to the parties jointly. The testimony is undisputed that the parties did not own this lot but had previously deeded it to their son. Where the evidence is undisputed, the reviewing court will construe the evidence de novo, indulging no presumptions in favor of the trial court's determinations. Sasser v. SpartanFood Systems, Inc., 452 So.2d 475 (Ala. 1984). We find the trial court exceeded its jurisdiction as to this lot, and paragraph five of the divorce decree is due to be deleted.
The trial court's judgment is reversed and the cause remanded to permit the court to reconsider the amount required of the husband to be paid in light of the necessity of continued profitable operation of the business for the welfare of the entire family.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.