This is a divorce case.
The parties to this appeal were divorced on August 1, 1984. Under the terms of the divorce decree, the court ordered the husband to pay his former wife $868 a month in periodic alimony and $868 a month for support of the couple's two minor children, ages eighteen and thirteen. As further support and maintenance for the wife and children, the wife was awarded the use during her lifetime or until she remarried of a condominium, the purchase price of which was not to exceed $65,000, to be purchased by the husband with title in the names of the parties' three children. Taxes and insurance on the condominium are to be paid by the husband; the wife is to pay for the upkeep on the condominium.
As lump-sum alimony the wife was awarded an undeveloped lot worth about $20,000. In addition, the wife was awarded the furniture and household furnishings in the marital home acquired during the marriage. The wife was also awarded $7,500 as an attorney's fee and $8,405.95 for trial expenses. The wife appeals from this decree.
In her brief here, the wife argues that the award of lump-sum alimony and/or the division of property is so inadequate as to constitute a palpable abuse of the trial court's discretion. However, before we consider the merits of this argument, we will examine wife's contention that the trial court erred by refusing to require the husband *Page 655 
to testify about his sexual relationship with a female in the state of Tennessee.
While testifying, the husband was asked several questions relating to his relationship with a female friend in Tennessee. To these questions the husband replied by invoking his fifth amendment privileges. The wife argues that the trial court erred by not requiring husband to answer these questions.
The record clearly reveals that prior to the questions concerning husband's sexual relationship with the Tennessee woman to which objections were sustained because of the fifth amendment privilege, the husband was asked if he had a sexual relationship with the Tennessee woman. The husband's answer to the question was, "I did." This answer was made prior to an objection and there was no motion to exclude the answer. SeeBrooks v. Everett, 271 Ala. 354, 124 So.2d 105 (1960). Consequently, there was evidence of the husband's adultery before the court. Moreover, the wife testified without objection that in the last few years of the marriage the husband had a female friend. Also, husband made statements in his deposition about his girl friend. The result is that there was considerable unobjected to evidence before the court of the husband's sexual misconduct, and the disallowed evidence would have been merely cumulative. Morgan v. Morgan, 402 So.2d 984
(Ala.Civ.App.), cert. denied, 402 So.2d 984 (Ala. 1981). We, therefore, hold that even if there were error in sustaining the questions on the fifth amendment ground it was harmless.Spradlin v. Spradlin, 426 So.2d 462 (Ala.Civ.App. 1983).
As to the merits of this appeal, we note at the outset that the division of property and award of alimony are within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wilson v. Wilson,404 So.2d 76 (Ala.Civ.App. 1981). No fixed standards exist for determining the amount of alimony or for dividing property. The division of property is required only to be equitable, not equal, according to the facts and circumstances of each case.Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App. 1982). Factors to be considered when making an equitable division of property and award of alimony are the future prospects of the parties, their ages, health, station in life, length of the marriage, and the conduct of the parties in regard to the cause of the divorce.Kyser v. Kyser, 456 So.2d 816 (Ala.Civ.App. 1984).
At trial both parties placed blame for the breakup of the marriage on the other. The husband claimed that the wife drank excessively and spent money foolishly. The wife alleged that the husband committed adultery and was often intoxicated and physically and verbally abusive.
The trial court made no finding of fault. We conclude, after thoroughly examining the record, that the parties could have been deemed equally at fault in contributing to the breakup of the marriage. Thus, the element of fault need not have influenced the trial court's division of property and award of alimony. Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980),appeal after remand, 404 So.2d 84 (Ala.Civ.App. 1981).
The parties were married for twenty-one years. The wife is in her fifties and the husband is in his sixties. During their marriage the wife never worked outside the home. Instead, she stayed home and cared for the couple's three children. In addition, the wife, for several years prior to the death of her husband's mother, took care of her mother-in-law. She also helped care for one of her husband's children by a former marriage. She consequently has little job experience and few marketable skills and no separate estate.
The husband, on the other hand, is a wealthy man. He earns a living developing and selling real estate and making other investments. The husband's adjusted financial statement conservatively assesses his real estate holdings at a value of approximately $3,000,000. He also owns several securities totaling $93,228. He possesses *Page 656 
notes receivable in the amount of $112,000. His liabilities include mortgages on some of the real estate, totaling $1,105,968. His net worth (minus liabilities) is estimated at $2,079,895. He earns about $2,500 a month.
The husband inherited approximately one-third of his real estate holdings from his mother. Although the trial court made no finding under section 30-2-51, Code 1975, the husband's inherited property was clearly used for the common benefit of the parties. Wilson, supra. The husband testified that he treated his inherited property the same as the other two-thirds of his real estate and that he used the inherited property to pay debts, improvements, and family expenses. Also, the family's residence was on a portion of this inherited property. Thus, the trial court could have properly considered the husband's entire real estate holdings in fashioning its decree.
Despite this fact, the wife received as her portion of the property division the furniture and household furnishings acquired during the marriage. In addition, the wife was awarded a $20,000 lot as lump-sum alimony. After a careful consideration of all the above evidence, including the wife's lack of employable skills, no separate estate, length of the marriage, the size of the husband's estate, and the fault of each of the parties in bringing about the demise of the marriage, we conclude that the trial court abused its discretion in the division of the property and the lump-sum alimony award. The property awarded to the wife is inadequate. Accordingly, that portion of the trial court's decree awarding the wife one lot in either Block Four Weatherly Heights Sixth Addition or Block A Weatherly Heights Sixth Addition is reversed and the cause is remanded to the trial court for further consideration in light of this opinion of the award of alimony in gross and/or property division made to the wife. The other aspects of the decree are affirmed.
The wife is awarded an attorney's fee on appeal of $750.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.