BRADLEY, Presiding Judge.
This is a divorce case.
J.W. Hill (husband) and Annie Sue Hill (wife) were married in 1954. They have two adult children. The wife filed an action for divorce on June 25, 1987. After an ore tenus proceeding the trial court divorced the parties, made a division of property, and awarded alimony. The husband appeals, contending that the trial court abused its discretion as to the division of property and the award of alimony. We agree as to the division of property and so reverse in part.
The record reveals the following pertinent facts.
The husband is fifty-one years of age. He was injured in a work-related accident in 1981 and is at least partially disabled. He receives over $1,800 per month in workmen’s compensation benefits and other payments. The wife is fifty-two years of age. She has not worked outside the home in *50 several years and has no income. She is in good health but has no job skills. The husband left the marital home in January 1987. At that time he withdrew over $12,-000 from the parties’ joint savings account and deposited the money in his personal account. From January 1987 until a temporary support agreement took effect in September 1987, the husband provided the wife only minimal support. The husband admitted that he had committed adultery.
The trial court awarded the parties joint title to the marital home and awarded possession of the home to the wife. It also ordered the husband to pay off two existing mortgages on the home, totaling approximately $7,000, with a portion of the money he had withdrawn from the joint savings account. Finally, in addition to certain other provisions not pertinent here, the trial court ordered the husband to pay the wife $525 per month as periodic alimony until she reaches the age at which she may draw Social Security benefits.
In a divorce case the award of alimony and the division of property are matters within the sound discretion of the trial court. Keimer v. Keimer, 462 So.2d 381 (Ala.Civ.App.1984). We presume the trial court’s judgment to be correct and will reverse only if it is so unsupported by the evidence as to be arbitrary and unjust. Smitherman v. Smitherman, 437 So.2d 127 ((Ala.Civ.App.1983).
The husband contends that the trial court’s award of $525 per month in periodic alimony is unreasonable and oppressive. We disagree. There is no fixed rule as to the amount of alimony awarded, and each case must be decided on its own facts. Echols v. Echols, 459 So.2d 910 (Ala.Civ.App.1984). Acceptable criteria in the determination of an alimony award are: (1) the earning ability of the parties; (2) their future prospects; (3) their age, sex, health, and station in life; (4) the duration of the marriage; and (5) the conduct of the parties as relates to the cause of divorce. Echols, supra; Gilley v. Gilley, 414 So.2d 968 (Ala.Civ.App.1982). Although the husband testified that over half of his income could be terminated at any time, there was undisputed evidence that his income at the time of the trial was over $1,800 per month. Several witnesses testified that the husband worked at various odd jobs to earn additional money. On the other hand, the wife had no income and prospects of no more than a minimal income in the future. The trial court could also have considered the duration of the marriage (almost thirty-three years) and the husband’s conduct with regard to the cause of the divorce as factors in determining the amount of alimony awarded. Under these circumstances, the trial court did not abuse its discretion by awarding the wife periodic alimony of $525 per month.
The husband also contends that the trial court abused its discretion by ordering him to pay off the mortgages on the marital home with a portion of the money he had withdrawn from the joint savings account. At the time the husband withdrew these funds, the balance in the account was $12,480.37. The two mortgages totaled less than $7,000. However, there was undisputed evidence that the larger of the two mortgages was already being paid by the husband's credit insurance carrier because of the husband’s disability.
A trial court’s exercise of discretion must be based on equitable principles and is subject to reversal on appeal if the result is arbitrary or unjust. Echols, supra. We can find no equitable reason for ordering the husband to pay off a mortgage which is currently being paid by his insurance carrier. As long as the insurance carrier continues to make the monthly mortgage payments, there is no danger of foreclosure and both the husband’s and the wife’s rights in the home are adequately protected. Consequently, we believe that the trial court abused its discretion by ordering the husband to pay off this mortgage out of the savings account funds. We therefore reverse this aspect of the trial court’s judgment and remand the case to the trial court so that it may delete that portion of its judgment requiring the husband to pay off the mortgage with funds obtained from the parties’ savings account. In amending its judgment the trial court can certainly re *51 quire the husband to pay off the mortgage out of any assets he may possess in the event the insurance company ceases to make the mortgage payments.
Finally, the husband asserts that the trial court abused its discretion in that it ordered him to pay a total of over $15,000 out of the joint savings account, which had a balance of less than $13,000. At the conclusion of the trial the court orally ordered the husband to turn half of the savings over to the wife. Then, in its final order, the court ordered the husband to pay off the two mortgages of approximately $7,000 and pay $2,000 to the wife, with the “remaining funds” to go to the husband. Obviously, if the husband complied with the court order, there would be no “remaining funds.” In fact, the husband would be required to pay at least $2,000 more than the total amount of the joint savings account.
Our decision that the trial court abused its discretion in ordering the husband to pay off the primary mortgage out of the savings account funds also settles this issue. Since the trial court’s original order included the reduction of the savings account by payment of this mortgage, the trial court never had the opportunity to weigh the equities as they now exist. On remand, the trial court is instructed to order an equitable division of these funds in light of the fact that the husband should not have been required to pay off the mortgage with a portion of the funds.
We affirm that portion of the judgment relating to periodic alimony. We reverse that portion of the judgment relating to the division of the parties’ joint savings account and remand this case to the trial court for proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
HOLMES and INGRAM, JJ., concur.