ROBERTSON, Judge.
This is a divorce case.
After almost 32 years of marriage the husband filed for divorce, and the wife counter-petitioned. Both parties alleged incompatibility and asked the trial court to make a fair division of the marital assets. After a final ore tenus proceeding, the trial court entered a decree on May 22, 1989, divorcing the parties, dividing the marital properties, and reserving the right to award periodic alimony in the future. The wife’s post-trial motion was denied, and she appeals.
On appeal, the wife raises three issues. (1) Did the trial court abuse its discretion in failing to award the wife periodic alimony? (2) Did the trial court abuse its discretion in the division of marital properties? (3) Did the trial court err in failing to award the wife properties which she inherited?
When evidence is presented ore ten-us to the trial court, as in this divorce, the judgment is presumed correct. Absent an abuse of discretion that is so unsupported by the evidence as to be plainly and palpably wrong, we must affirm. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Further, the matters of property division and alimony rest soundly within the trial court’s discretion and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987); Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986); and Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985).
I
The wife first contends that the trial court erred in failing to award her periodic alimony.
The law is clear that alimony awards are discretionary with the trial court, and the trial court may consider many factors in *1130 making its award. Lones v. Lones, 542 So.2d 1244 (Ala.Civ.App.1989). Further, we recognized in Allen v. Allen, 477 So.2d 457 (Ala.Civ.App.1985), that the sole function of periodic alimony is to provide support.
There was evidence presented that the wife had a strong professional and educational background, including a bachelor of arts degree in accounting and a law degree. She has a real estate associate broker’s license, and at the time of this action, she was voluntarily doing post-graduate work towards certification to teach junior college courses. Additionally, she continues to work for the husband’s dental practice. The trial court noted that it also considered “the enormous financial problems of these parties, the bulk of which must be resolved by the husband,” in denying the wife’s request for alimony. Clearly, there is ample evidence in the record supporting the trial court’s determination regarding alimony.
II
The wife next argues that the trial court abused its discretion in the division of marital properties.
The law is well established that a property division pursuant to divorce is a matter within the trial court’s discretion. Montgomery, supra; Wiggins, supra; and Weatherly, supra. The division is not required to be equal. However, it must be equitable in light of the evidence and what is equitable rests within the broad discretion of the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984).
The eases are legion on .this subject. Therefore, we pretermit a lengthy discussion of the facts here as it would add nothing to existing law. Our careful review of the entire record reveals sufficient evidence to support the trial court’s judgment in the property division.
III
The wife’s final argument is that the trial court erred in failing to award her property which she inherited. She contends that approximately $80,000, which she inherited from her mother, is her separate estate and should be excluded from the division of the marital property.
We have determined that a wife’s separate estate is that property over which she exercises exclusive dominion and control and from which the husband is excluded. Further, the determination of the wife’s separate estate is a matter for the trier of fact after reviewing all of the evidence in each case. Wren v. Wren, 482 So.2d 1219 (Ala.Civ.App.1985).
There was uncontroverted testimony that the wife, almost exclusively, managed. all financial affairs during the marriage and that she voluntarily chose to invest the bulk of her inheritance in connection with the financing of Alston Development Company. There was testimony that the company listed the wife as sole owner and that such individual ownership listing was chosen to enable the wife to obtain beneficial financing that was limited to minority-owned businesses. The trial court awarded the company to the wife but ordered the husband responsible for the mortgage indebtedness of the company.
The wife presented no evidence that the commingling of her inheritance into the marital assets was anything other than her personal choice. In fact, she testified that putting her inheritance money into a company was her idea and her way to help the marriage. The record is devoid of any evidence supporting the wife’s contention that her inheritance was a separate estate apart from the marital assets.
After reviewing the total record with the appropriate legal presumptions, we are not persuaded that the trial court abused its discretion. Accordingly, we affirm.
The husband’s request for an attorney's fee is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.