579 So.2d 1377 (1991)
Alben B. DAUGHERTY
v.
Joan E. DAUGHERTY.
Civ. 7857.
Court of Civil Appeals of Alabama.
March 22, 1991.
*1378 W. Kenneth Gibson, Fairhope, for appellant.
Judy A. Newcomb, Spanish Fort, for appellee.
RUSSELL, Judge.
This is a divorce case.
After an ore tenus proceeding the parties were divorced on May 29, 1990, based on a pleading by the wife alleging an irretrievable breakdown of the marriage, an answer and counterclaim by the husband based on the same grounds, and an amendment by the wife alleging adultery. The wife was awarded periodic alimony of $1,000 per month for 36 months, reduced thereafter to $750 per month, the homeplace of the parties and two adjacent lots, and all personal property in her possession. She was also relieved from liability for any IRS indebtedness owed for 1988, and her tax liability for 1989 was limited to one-half of any balance due. Post-trial motions were denied and the husband appeals. We reverse and remand.
Though we have often stated that the division of property and awards of alimony in divorce cases are matters within the discretion of the trial court, Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989); Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985), we have also said that such awards must not be arbitrary or unjust. Echols v. Echols, 459 So.2d 910 (Ala. Civ.App.1984); Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App.1980); Long v. Long, 56 Ala.App. 648, 324 So.2d 789 (Ala.Civ.App. 1975). While the division of property in divorce actions need not be equal, such divisions must be equitable under the circumstances of each case. Johnson v. Johnson, 446 So.2d 622 (Ala.Civ.App.1983); Kilpatrick v. Kilpatrick, 411 So.2d 158 (Ala.Civ.App.1982). With these principles in mind, we will consider the judgment of the trial court.
The husband contends that the trial court abused its discretion in awarding the wife excessive periodic alimony and what amounts to all of the marital assets. We agree.
The record indicates that the marital homeplace was purchased jointly by the parties in 1979 for $54,900. Two mortgages, totalling approximately $45,000, are still due. The husband claims that the home is valued at $75,000 to $80,000, while the wife disputes this and asserts that its value is the same as the purchase price. The adjacent *1379 lots were purchased by the parties in 1980 for $8,000. Subsequently, the husband's brother made improvements to a building on the lots and operated a business there. Prior to the divorce proceedings, the husband transferred his interest in the lots to his brother for $100. Testimony indicated that, because the husband had been living in Virginia at the time of the trial, he had little personal property from the marital home in his possession when the court made its award. The wife was awarded the household furnishings.
The husband asserts that he remains liable for various marital debts, including credit card payments and medical expenses. The wife likewise asserts that she was not relieved of the responsibility for such debts and that she is also responsible for mortgage payments on the home, where she lives with the parties' 19-year-old son. Total monthly mortgage payments amount to approximately $700.
It is well settled that a trial court has no rigid standards on which to base the determination of alimony and the division of property, but is free to consider the facts and circumstances unique to each individual case in fashioning an award. Some of the factors to be considered are the future prospects of the parties, their ages, health, station in life, length of the marriage, and the conduct of the parties in regard to the cause of the divorce. Weatherly, 469 So.2d 653.
In this case both parties placed blame for the breakup of the marriage on the other. The wife claimed that the husband had drinking and gambling problems and that he had committed adultery. The husband claimed that the wife handled the family finances and her own business decisions in a derelict manner and that the parties had numerous disputes concerning the disciplining of their son. In recent years, the parties had experienced financial difficulties.
The trial court made no specific finding of fault. After examining the record, we conclude that the parties could have been deemed equally at fault in contributing to the breakup of the marriage. Consequently, we find that the element of fault need not have influenced the trial court's award.
The parties were married for 22 years. At the time of the divorce, the husband was 47 years of age and the wife was 51. The wife, who is in good health, has held various jobs during the marriage, including keypunch operator, clerk, editor, and office manager. She is presently self-employed as an art teacher and has also earned money by selling art supplies. Beginning early in the marriage, she started and ran a number of small business operations, including an arts and crafts shop and a beauty shop. Although the husband's testimony on this matter is in conflict with that of the wife, it appears from the record that these ventures realized only small profits. The wife has recently experienced some difficulties with the business operations and owes rent on business space that she has leased.
The husband, who is also in good health, was employed as a golf pro early in the marriage. For the last 12 years, up until the time of the trial, he worked as an installer of outdoor sprinkler systems. At the time of the trial, he had a net income of approximately $2,000 per month from this occupation. The husband testified at the trial in May 1990 that his current position was scheduled to be terminated within the year. By the time of the hearing on his motion for reconsideration in July 1990, his position had, in fact, been terminated. At the hearing the husband testified that he was in the process of seeking a new job and that he anticipated receiving unemployment compensation of $176 per week as his sole source of income until he could find employment.
We are cognizant of the presumption of correctness afforded a trial court's judgment when it is based on the hearing of ore tenus evidence. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988). However, upon close examination of all the evidence, we find the trial court's award, which amounts to the total marital assets as well as periodic alimony payments, to exceed the husband's financial ability to comply.
*1380 In view of the husband's work experience, it appears that when he does resume work, his income will be about the same as it was before he lost his job. The alimony payments of $1,000 per month will consume approximately 50% of his expected net income. Such an award in the absence of a showing of extreme need, such as total infirmity of the wife or infamous treatment by the husband, would tend to remove the incentive of the husband to work and earn. Echols, 459 So.2d 910.
We do not find that the facts in this case justified the trial court in awarding what amounted to the entire marital estate to the wife in addition to periodic alimony payments. The court's award seems particularly oppressive in light of the fact that the husband has no marital assets to sell in order to raise money to make the alimony payments. Moreover, at the time of the hearing on his motion for reconsideration, the husband's monthly income was actually less than the amount of periodic alimony he was required to pay. The accrual of an arrearage is, therefore, almost a certainty until such time as the husband finds gainful employment. The amount awarded to one spouse should not "cripple" the other spouse. Leo v. Leo, 280 Ala. 9, 189 So.2d 558 (1966).
This court has recognized that the legislative purpose of alimony statutes is to preserve the economic status quo of the parties as it existed during the marriage. Dees, 390 So.2d 1060. While the record reveals that the wife had recently experienced some difficulty with her business operations, we find that the wife's meaningful employment skills and earning potential do not differ greatly from those of the husband. In fact, it appears that throughout the marriage the wife displayed considerable entrepreneurial initiative and was not content to rely on the husband's jobs as the sole source of income. The record also indicates that the parties' only child is 19 years of age; therefore, it would not be as difficult for the wife to pursue a full-time business career as would be the case if the child residing with her were younger.
After a careful consideration of all the above evidence, including the parties' station in life and their employable skills, the length of the marriage, and the fault of the parties in bringing about the demise of the marriage, we conclude that the trial court abused its discretion when it awarded the wife what amounts to the total marital assets, as well as periodic alimony payments.
Accordingly, the trial court's judgment is reversed and the cause remanded with instructions that the trial court reconsider the evidence in light of this decision.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in part and dissents in part.
THIGPEN, Judge, concurring in part and dissenting in part.
I respectfully dissent to that portion of the majority opinion regarding the property division.
The judgment in this case is based on ore tenus evidence, which carries a presumption of correctness, and will be affirmed when it is supported by competent evidence, unless shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Although the trial court made no specific finding of fault, it is clear from the record that the trial court considered the conduct of the parties in making its property division. The record contains testimony from the husband and his brother that the husband conveyed real property to his brother for a minimal amount just prior to the divorce in an effort to eliminate any interest the wife would have in the property. Further, while adultery was not pursued as an issue, there was testimony and some stipulations by the parties regarding the living arrangements and questionable conduct of the husband when he left the wife. Such factors are proper for the trial court to consider. Weatherly, supra. The law requires that the property division be equitable under the circumstances. Weatherly, supra. The *1381 trial court has much discretion in the matter of property division and absent an abuse of that discretion, we will not substitute our judgment for that of the trial court. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). In light of the attendant presumption of correctness accompanying the judgment of the trial court and the evidence in the record supporting that property division, I believe that the trial court's judgment regarding the property division should be affirmed. Consequently, I must respectfully dissent to that portion of the majority opinion.