ROBERTSON, Presiding Judge.
After an ore tenus proceeding, the trial court entered a judgment of divorce dissolving the marriage of Anice and Fred Barkett. The judgment contained a property division awarding Mrs. Barkett (wife) certain commercial property known as the Merrick Street Shopping Center (shopping center). From the decision of the trial court, the husband appeals.
The only issue the husband argues on appeal is whether the trial court committed an abuse of discretion in its property division.
Property divisions in a divorce case do not have to be equal, only equitable. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). The division *1027 of marital property in a divorce action is a matter committed to the sound discretion of the trial court. Kirk v. Kirk, 371 So.2d 54 (Ala.Civ.App.1979). Further, the trial court’s decision following the presentation of ore tenus evidence is presumed correct, and this court will not reverse that decision absent an abuse of discretion. Thomas v. Thomas, 394 So.2d 372 (Ala.Civ.App.1980).
Among those factors a trial court may consider in fashioning an award of property are the parties’ respective ages, the length of their marriage, their future prospects, conduct of the parties in regard to the cause of divorce, and their health. Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985).
The husband and the wife were married in Pensacola, Florida, on September 8, 1971. There was one son born of this marriage, Fred Price Barkett, who is 18 years of age. At the time of their marriage, the husband had in his custody two children from a previous marriage, which the wife cared for as her own.
After the parties were married, the wife began working for the husband’s clothing business. She continued this work for 14 years, until the business closed in 1987, after which she went to work as a business manager for a television station. In 1990, the wife then left her job as business manager for the television station to become a partner in Old South Clock Gallery.
The husband’s income during the marriage was derived from his chicken farm, his position as a county commissioner, and his rental property.
Prior to the marriage, the husband had acquired 280 acres of land from his family, the shopping center property, and a 57-acre tract of farm land. Property acquired subsequent to the marriage included a 217-acre parcel of land and a vacant lot across the street from the shopping center property. The record reflects that these properties were used regularly during the marriage for the common benefit and support of the parties and the family. “Where property acquired prior to the marriage is regularly used during the marriage for the common benefit of the parties, it is available for consideration in dividing proper-ty_” Wilson v. Wilson, 404 So.2d 76, 77 (Ala.Civ.App.1981).
The shopping center had an assessed value of $226,526, with a mortgage indebtedness of approximately $32,000. Therefore, the approximate equity in the property awarded to the wife was $194,526. The husband was awarded, “the rest, residue and remainder of the real and personal property,” which included 457 acres of land valued at $168,000, the residence valued at $45,000, and the poultry houses valued at $100,000, all of which had a mortgage indebtedness of approximately $185,000. The approximate equity in the property awarded to the husband was $128,000.
At the time of the divorce, the wife was 41 years old and the husband was 52 years old. They had remained married for 19 years. Both parties have the ability to earn a living. The husband is knowledgeable in the farm and rental business and holds a position as a county commissioner. The wife has experience as a business manager and as an advertising sales person.
The trial court determined that both parties were at fault in the breakdown of the marriage. The court held that there existed an irretrievable breakdown of the marriage to the extent that reconciliation was impractical and futile and not in the best interests of the parties, and that the breakdown was due to contributing faults, acts, or omissions of the wife and the husband.
In examining the evidence presented at trial and applying the factors of Weatherly, this court finds no abuse of discretion by the trial court in the division of property. Accordingly, this case is due to be affirmed.
Both parties’ requests for attorneys fees on appeal are hereby denied.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.