This is a divorce case.
The parties divorced in May 1990. At the time of trial, the wife and the husband were 51 and 47 years old respectively, and both parties were in good health. They had one son who was eighteen years old at the time of the divorce, and he had expressed a desire to go to college.
The evidence at trial revealed that the husband was receiving a net income of $2,000 per month from his occupation installing outdoor sprinkler systems. Prior to the divorce, the parties had separated and the husband was maintaining responsibility for some of the marital debts, and he was contributing to the ongoing expenses of the marriage, which included two monthly mortgage payments totalling $700.00 per month. The wife was self-employed as an art teacher and earned supplemental income by selling art supplies. The wife's testimony was that she realized only small profits, and this testimony conflicted with the husband's testimony. The record contained testimony from the husband that he had conveyed his interest in one lot owned by the parties, to his brother for $100.00 just prior to the divorce.
The trial court awarded the wife all of the marital assets (which included the home, its furnishings and two lots), periodic alimony of $1,000 per month for 36 months, and $750 a month thereafter. The husband's post-judgment motion was denied and he appealed. We found that the award of periodic alimony, coupled with the award of virtually all of the marital assets to the wife, exceeded the husband's ability to pay, and we reversed and remanded the cause to the trial court for consideration of the evidence. Daugherty v. Daugherty,579 So.2d 1377 (Ala.Civ.App. 1991).
After another ore tenus proceeding, the trial court reduced the periodic alimony award to $400 per month and did not disturb its earlier ruling that the marital assets, including the marital home, should remain with the wife. The husband appeals, contending that this award equals almost half of his monthly income because he is now earning only $927 per month, as opposed to the original $2,000 per month. We affirm. *Page 159 
A trial court may properly consider the following factors in determining the division of property and the award of alimony in a divorce case: 1) the earning ability of the parties; 2) their probable future prospects; 3) their age, sex, health and station in life; 4) the duration of their marriage; and 5) the conduct of the parties as related to the cause of divorce.Huldtquist v. Huldtquist, 465 So.2d 1146 (Ala.Civ.App. 1984).
In our earlier opinion reversing the original judgment, this court decided that the fault of the parties leading to the divorce in this case could have been equal in spite of a stipulation between the parties that the husband had engaged in adultery after the parties were separated. We concluded that the element of fault did not influence the trial court's award since a specific finding was not made in this regard. As a no-fault divorce, we found the property division and award of alimony to be inequitable. Daugherty, supra. During the trial of this case on remand, however, the trial court indicated to the parties on the record that the fault of the husband did in fact influence its earlier judgment.
On remand, further evidence was presented on the question of fault over the objection of the husband. The testimony revealed that the husband, immediately upon leaving the wife, moved to Virginia and began living with another woman and her son. The husband contends that the woman's son previously worked for him, and that he had not met the woman prior to his move because her son had made the living arrangements for the husband prior to his departure for Virginia. The husband explained that the son told him that his mother, who lives in a trailer, took in "boarders" for rental income. The husband testified that he is still living in that arrangement, although the son has moved out, and that the woman is now his girlfriend.
The husband further testified that he pays the rent on her trailer, the utility bills, the telephone bills, her car payment, and her insurance. The husband also pays a monthly life insurance premium which names his son and his girlfriend's son as the beneficiaries. The husband testified that his ex-wife was a hard worker during the marriage, but that she also expected him to work all of the time and would get upset if he relaxed. He testified that he "couldn't take it anymore," so he left for Virginia.
When a judgment is based on ore tenus evidence, it carries a presumption of correctness and is to be affirmed when it is supported by competent evidence. Blankenship v. Blankenship,534 So.2d 320 (Ala.Civ.App. 1988). Fault during the term of the marriage is an appropriate factor for the trial court to consider in fashioning its awards. Street v. Street,519 So.2d 1355 (Ala.Civ.App. 1987). The law does not require the property division to be equal; it only requires that it be equitable under the circumstances. Weatherly v. Weatherly,469 So.2d 653 (Ala.Civ.App. 1985).
In view of the above, we find the property division and alimony award to be supported by competent evidence, and to be equitable under the circumstances. The judgment of the trial court is hereby affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.