Gene A. Rubert (the "husband") and Mary M. Witmer (the "wife") were married in 1973. After 23 years of marriage, they were divorced in May 1997. The parties have a 19-year-old son who suffers from major depression and obsessive-compulsive disorder. The son resides with and is supported by the husband. The husband appeals from that portion of the judgment awarding the wife a portion of his retirement benefits and awarding her alimony.
The divorce judgment awarded the wife $10,000 in savings bonds accumulated by the parties; all of her bank accounts, which total approximately $15,000; the parties' joint savings account, which totals approximately $2,200; $2,200 per month in alimony; and a $4,500 attorney fee. In addition, the judgment divided the parties' real property, ordering that the property be sold and awarding the husband and wife each one-half of the profit from the sale. The husband, who was awarded the use of the marital residence until such time as it was sold, was required to make the entire monthly mortgage payment on the parties' marital residence. He was also ordered to pay one-half of the monthly mortgage payments on the two other parcels of real property owned by the parties and to hold the wife harmless for credit card debts totalling approximately $15,000. The wife was required to pay the other half of the monthly mortgage payments on the two other parcels of real property. She was also required to hold the husband harmless for credit card debt totalling approximately $1,200.
According to the testimony at trial, the wife suffers from depression. She has been hospitalized for her illness and now takes medication. She has a college degree and was a teacher when the parties married; however, she left her teaching position in 1976. In 1995, she returned to teaching as a part-time teacher of homebound students. She discontinued her employment when she was hospitalized in February 1997 for severe depression.
The wife left the husband a total of four times in the year preceding the divorce. She testified that the marriage deteriorated because of the husband's "drinking." However, she did not testify that the husband's "drinking" resulted in problems at work or in physical abuse. She also testified that the son's mental illnesses resulted in what she called "rages," in which the son would kick doors or break household objects. She testified that her son's behavior caused problems in her marriage.
The wife's counselors, Phyllis Barrett and Jean Woods, testified that her depression interferes with her ability to work. Although her physician signed a return-to-work authorization upon her release from the hospital in February 1997, Ms. Barrett testified that the wife was not ready to resume employment because she requires additional educational training to hone and upgrade her educational skills. Both Ms. Barrett and Ms. Woods testified that the wife could not work because of an inability to handle stressful situations. According to Ms. Woods, the wife's depression results in crippling anxiety in stressful situations, which in turn makes her unable to concentrate and to comprehend what is occurring around her.
The husband also holds a college degree and is employed with the Department of Defense. He testified that he did drink, and he admitted that he commonly drank two beers in the evening. He further admitted that in the earlier days of the marriage he would drink hard liquor. He testified that the wife's decision to end the marriage was precipitated by the son's rages. The husband agreed that the son did become violent toward inanimate objects and admitted that the son's doctor told them that the son's violent behavior could possibly endanger the wife in the future. He testified that he had assumed much of the responsibility for the care of the son, who continues to live with him.
The husband argues that the trial court abused its discretion by ordering him to pay the wife $2,200 per month in alimony. An award of alimony is entrusted to the sound discretion of the trial court and that award will not be set aside absent an abuse of that discretion. O'Neal v. O'Neal, 678 So.2d 161, 164
(Ala.Civ.App. 1996). In making *Page 1285 
the decision to award alimony, the trial court may consider several factors, including the parties' respective present and future earning capacities, their age and health, their conduct, the duration of the marriage, and the value and type of marital property. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). "[T]he purpose of periodic alimony is to support the former dependent spouse and enable that spouse, to the extentpossible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage." O'Neal, 678 So.2d at 164 (emphasis added). However, "[t]he amount awarded to one spouse should not 'cripple' the other spouse." Daugherty v. Daugherty,579 So.2d 1377, 1380 (Ala.Civ.App. 1991).
The husband's net income is approximately $4,300 per month. When the wife's alimony of $2,200 is deducted from the husband's $4,300, he is left with $2,100 from which to pay his living expenses. His testimony and trial exhibits support his claim on appeal that his expenses exceed his remaining income.
The husband supports the parties' son, who, because of mental illnesses, is not self-supporting. Although he testified that his living expenses, not including any amounts spent on the son, would total between $1,800 and $2,000 per month, the husband testified that he would continue to support the son until the son was able to support himself. The son attends a community college and has a part-time job. The husband pays the son's tuition and supplements his part-time earnings with an allowance, pays for the son's automobile insurance, and also pays for the son's medical treatment and medication. When the additional amounts the husband spends on the son are added to his regular expenses, his estimated monthly expenses total $2,500 to $2,800 per month.
The husband is left with insufficient funds to meet his monthly expenses. Although the wife is not working and is temporarily unable to work because of her own problems with depression, her expenses, according to the testimony at trial, are $1,800 per month. The award of $2,200 in alimony exceeds the wife's needs and financially cripples the husband, who has willingly assumed the responsibility of assisting the parties' mentally ill son. The trial court's award of $2,200 per month in periodic alimony was an abuse of discretion. Therefore, that portion of the trial court's judgment pertaining to alimony is reversed for recomputation on remand.
The husband also argues that the trial court erred in awarding the wife 50% of his retirement benefits. He contends that he accrued certain retirement benefits before the marriage and that the trial court erred in including these premarriage benefits in the amount of benefits available for division. Although the husband recognizes that Ala. Code 1975, §30-2-51(b), authorizes the trial court to award one spouse a portion of the other spouse's retirement benefits, he argues that Ala. Code 1975, § 30-2-51(b)(2), precludes the division of benefits accrued before the marriage of the parties. Section30-2-51(b)(2) does indeed state that "[t]he court shall not include in the estate [of the payor spouse] the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits."
However, as the wife points out in her brief, the husband did not testify at trial concerning the accumulation of retirement benefits before the marriage. He simply stated that he would agree to an award of his retirement benefits to the wife if it were computed in accordance with Part 5A3 of the Federal Personnel Manual, which he has attached to his brief. This excerpt from the Federal Personnel Manual does not appear in the record on appeal. This court, as an appellate court, cannot consider evidence in a party's brief that does not appear in the record. Ex parte American Resources Ins. Co.,663 So.2d 932, 936 (Ala. 1995). "If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal." Greer v. Greer, 624 So.2d 1076, 1077
(Ala.Civ.App. 1993). Therefore, we must affirm the trial court's award of 50% of the husband's retirement benefits to the wife.
The appellee's request for an attorney fee on appeal is denied. *Page 1286 
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.