James Ray Wheeles (the "husband") and Tammy Lynne Wheeles (the "wife") were married in 1984, when he was 21 and she was 18. The husband is a technical school graduate and at the time of the divorce was in training to become a journeyman electrician with the Daimler-Chrysler Corporation. The wife completed the eighth grade; she has made plans to get her high-school equivalency certificate (GED). She has worked outside the home only once, before the birth of the parties' first child in 1989, and then only part-time. In 1999, the parties separated because of the husband's admitted adultery. They have two children, who, by an agreement incorporated into the divorce judgment, were placed in the custody of the wife. The parties also agreed that the husband would pay child support in the amount of $1,044 per month, that the wife would be awarded the marital residence, and that the parties would equally divide the husband's deferred pay plan. However, the parties could not agree on an amount of alimony or which party should be allowed to claim the children as dependents for income tax purposes.
After a trial, the court awarded the wife $1,150 per month in alimony, allowed the wife to claim the children as dependents, and ordered the husband to pay $3,524.05 toward the wife's attorney fees. The husband appeals, arguing that the award of alimony financially cripples him, that he should be allowed to claim the children as dependents because he pays 100% of the child support due, and that he should not have been ordered to pay the wife's attorney fees.[1]
 "An award of alimony is entrusted to the sound discretion of the trial court and that award will not be set aside absent an abuse of that discretion. O'Neal v. O'Neal, 678 So.2d 161, 164 (Ala.Civ.App. 1996). In making the decision to award alimony, the trial court may consider several factors, including the parties' respective present and future earning capacities, their age and health, their conduct, the duration of the marriage, and the value and type of marital property. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). `[T]he purpose of periodic alimony is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one *Page 637 
enjoyed during the marriage.' O'Neal, 678 So.2d at 164 (emphasis added). However, `[t]he amount awarded to one spouse should not "cripple" the other spouse.' Daugherty v. Daugherty, 579 So.2d 1377, 1380 (Ala.Civ.App. 1991)."
Rubert v. Rubert, 709 So.2d 1283, 1284-85 (Ala.Civ.App. 1998).
The husband testified that his average monthly expenses, including payments for rent, food, insurance, utilities, and transportation-related expenses, totalled $1,627.98 per month. This estimate does not include a clothing allowance, costs for noncovered medical expenses (his or the children's), or other miscellaneous or unexpected expenses. His net income, considering overtime pay, was approximately $3,800 per month. The husband testified that overtime, which had been plentiful in prior years, was not available as often as before. He stated that he had been offered the chance to work overtime only one Saturday in the past six weeks. Thus, he argued to the trial court, the wife's request that the trial court award $1,200 per month in alimony was unreasonable.
When the $1,044 in child support and the $1,628 in monthly expenses are deducted from even the highest estimate of the husband's monthly income, the husband is left with $1,230. If the husband does not work overtime, his income could be reduced, leaving him with even less after he pays child support and his regular monthly expenses. We agree that the judgment requiring him to pay $1,150 as alimony to the wife cripples him financially and should be reversed. See Rubert, 709 So.2d at 1285 (reversing an award of $2,200 per month in alimony where the husband's income of $4,300 per month was reduced by approximately $2,000 per month in expenses).
The husband also argues that the trial court should have awarded him the right to claim the children as dependents for income tax purposes. The Comment to Rule 32, Ala. R. Jud. P., states that it is assumed that the custodial parent will take the income tax exemption for the child or children in his or her custody. See Flanagan v. Flanagan, 656 So.2d 1228, 1232
(Ala.Civ.App. 1995) (holding that, although the allocation of the dependency exemption is vested in the sound discretion of the trial court, the comments to Rule 32 are "guidelines" that ordinarily mandate an award of the exemption to the custodial parent and require an explanation for an award of the exemption to the noncustodial parent to comply with Rule 32(A)(ii)). The husband correctly states that the trial court has the discretion to allocate the dependency exemption to the noncustodial parent.See Flanagan, 656 So.2d at 1232; K.T.W.P. v. D.R.W.,721 So.2d 699, 704 (Ala.Civ.App. 1998) (affirming an award of the exemption to the noncustodial parent after the trial court explained its reasons for such an award); Homan v. Homan,623 So.2d 326, 329 (Ala.Civ.App. 1993) (reversing an award of the exemption to the noncustodial parent). He argues that he should be allowed to claim the children as dependents because he pays 100% of the child support required by the guidelines and because the mother does not work and earns no income. He also argues specifically that he would owe taxes for 1999 because during the year tax was withheld from his income at a rate determined on the assumption that the children were considered his dependents. Although we realize that the husband will owe more tax because he can no longer claim the children as dependents, we cannot agree that the trial court's award of the dependency exemption to the wife, who will also owe taxes on her alimony income, is an abuse of its discretion.
The husband also argues that the trial court should not have ordered him to pay the wife's attorney fees. The husband fails to cite any authority for this argument. See Curl v. Curl,526 So.2d 26, 29 (Ala.Civ.App. 1988) (holding that an appellate court need not consider an argument raised in the appellant's brief if the appellant *Page 638 
fails to cite authority for the argument). However, we note that the award of attorney fees in a divorce case is within the discretion of the trial court. See Howle v. Howle, 699 So.2d 177,179 (Ala.Civ.App. 1997). Therefore, we affirm the award of attorney fees.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.
[1] The husband also argues that the trial court should not have denied his postjudgment motion without a hearing. In light of our decision on the merits of his appeal, we need not address that argument.