CRAWLEY, Judge.
This is the second time these parties have been before this court. See Wheeles v. Wheeles, 770 So.2d 635 (Ala.Civ.App.2000) (“Wheeles I ”) In Wheeles I, we reversed the trial court’s alimony award because we determined that it financially crippled the husband. On remand, the trial court held a hearing, at which it heard testimony concerning the parties’ expenses and the husband’s income, which had increased since the original divorce hearing. After considering that evidence, the trial court ordered the husband to pay $1,150 per month in alimony to the wife, the same amount that it ordered in the original divorce judgment. The husband appeals, arguing that the trial court’s alimony award is an abuse of discretion because, he says, it financially cripples him. He also argues that the trial court erred by not holding a hearing on his postjudgment motion.
After reviewing the record, we must reverse the new order appealed from and remand this case for the trial court to enter an order consistent with our holding in Wheeles I, which required the trial court to reduce the amount of alimony. The hearing conducted by the trial court on remand was fundamentally the same hearing the court would have conducted if one of the parties had petitioned for a modification; it went beyond the scope of our order. “The trial court had a duty to comply with the mandate of this court.” Murphree v. Murphree, 600 So.2d 301, 303 (Ala.Civ.App.1992) (holding that trial court incorrectly increased amount of child support on remand after appellate court had held the original award excessive and beyond the wife’s ability to pay).
Although our opinion in Wheeles I did not expressly forbid the trial court from taking additional evidence, our intent was clear when we stated that “the judgment requiring him to pay $1,150 as alimony to the wife cripples him financially and should be reversed.” Wheeles, 770 So.2d at 637. On remand, the trial court was to determine a reduced alimony award, based on the original evidence. “[T]he issues decided by the appellate court become [the] law of the case and the trial court’s duty is to comply with the appellate mandate ‘according to its true intent and meaning, as determined by the directions given by the reviewing court.’ ” Walker v. Carolina Mills Lumber Co., 441 So.2d 980, 982 (Ala.Civ.App.1983) (citation omitted).
Because we reverse, we need not address the merits of the question whether the trial court should have conducted a postjudgment hearing.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ„ concur.