PITTMAN, Judge.
 

 Roger Whited (“the former husband”) appeals from a modification judgment that ordered him to pay $750 in monthly periodic alimony to Burnice Whited (“the former wife”).
 

 
 *419
 
 The parties were divorced by a judgment entered on September 27, 2007. In that judgment, the former husband was ordered to “pay the mortgage payments as they become due pending sale of the home-plaee[,] ... to indemnify the [former w]ife from any liability for payment resulting from debts due as a result of the operation of the [former husband’s businesses], ... [and] to pay the note of the [former w]ife’s Thunderbird.” Although the divorce judgment did not award the former wife any periodic alimony, it specifically reserved that issue, to be considered “upon petition of either party” if the former husband failed to comply with the previously quoted provisions. On May 26, 2009, the former wife filed a complaint seeking a modification of the divorce judgment; she alleged that the former husband had not complied with the pertinent provisions of the divorce judgment and requested an award of periodic alimony.
 

 On August 18, 2009, the trial court conducted an ore tenus proceeding at which both parties testified. The former wife testified that the former husband had failed to retire the debt associated with her motor vehicle and that he had not made the mortgage payments as required by the divorce judgment. In addition, the former wife stated that, when she was finally able to sell the marital residence, she had had to satisfy a $21,000 lien that had been placed on the property in connection with one of the former husband’s failed businesses. She stated that, before she sold the property, she had been forced to sell her jewelry, her motor vehicle, and numerous items awarded to her in the divorce judgment just to keep the property from foreclosure. She also testified that the property had eventually sold for $100,000 less than its appraised value.
 

 Although the former husband denied the former wife’s contentions that he had failed to make
 
 any
 
 of the court-ordered payments, he admitted that he had not complied with all of the provisions of the parties’ divorce judgment because, he said, he had been badly injured in a motor-vehicle accident and had been unable to work as a commercial-vehicle driver since that time. After testifying that he did not own any real property, he stated that he had signed a quitclaim deed of his interest in the marital residence to the former wife so that she would be able to keep whatever profit was made from that sale.
 
 [1]
 

 The former husband stated that, at the time of trial, his only income was a monthly Social Security benefit in the amount of $973. He stated that he had reached an agreement with a convenience-store owner to assume management of a failed store in the hope that he could revitalize the business. The agreement would allow him to keep 50% of the profits once the store began making a profit again. The former husband opined that he would be able to “turn [the store] around” and begin to earn a steady income from that enterprise in the coming year. However, he stated that he had no idea how soon the store could be made profitable.
 

 In addition to the neck and back injuries he had sustained in the accident, the former husband had been diagnosed with prostate cancer just three weeks before trial and would soon require surgical treatment. The former husband stated that he did not have any medical insurance and that his current expenses were barely being met by his monthly benefit payment. The former husband stated that, although
 
 *420
 
 his former employer’s workers’ compensation carrier had been paying for his medical bills related to the accident, he did not know whether he would be entitled to additional disability benefits after he had finished recovering from those injuries.
 

 On August 24, 2009, the trial court entered a modification judgment in which the former husband was ordered to begin paying the former wife periodic alimony in the amount of $750 per month beginning the following month and continuing until the former wife died, remarried, or cohabited with a member of the opposite sex. In addition, the former husband was ordered to pay court costs and $1,500 toward the former wife’s attorney fees. The former husband timely appealed.
 

 Trial courts are not “required to modify alimony because of a change in the circumstances of the parties.”
 
 Sosebee v. Sosebee,
 
 896 So.2d 557, 560 (Ala.Civ.App. 2004) (citing
 
 Kiefer v. Kiefer,
 
 671 So.2d 710, 711 (Ala.Civ.App.1995)). When making an alimony-modification determination, a trial court “should ... consider the earning capacity of each spouse, the payee spouse’s need for alimony, the payor spouse’s ability to pay alimony, and each spouse’s estate.”
 
 Sosebee,
 
 896 So.2d at 560;
 
 Kiefer,
 
 671 So.2d at 711. In addition, “ ‘the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs.’ ”
 
 Sosebee,
 
 896 So.2d at 560 (quoting
 
 Glover v. Glover,
 
 730 So.2d 218, 220 (Ala.Civ.App. 1998)). “The amount awarded to one spouse should not ‘cripple’ the other spouse.”
 
 Daugherty v. Daugherty,
 
 579 So.2d 1377, 1380 (Ala.Civ.App.1991);
 
 see also Sosebee,
 
 896 So.2d at 560-61, and
 
 Rubert v. Rubert,
 
 709 So.2d 1283, 1285 (Ala.Civ.App.1998). Although a trial court’s judgment in an alimony-modification case is presumed correct, this court may reverse a modification judgment if it is not supported by the evidence or is plainly and palpably wrong.
 
 See Daugherty
 
 and
 
 Rubert, supra; see also Newsome v. Newsome,
 
 984 So.2d 463 (Ala.Civ.App. 2007).
 

 Here, the former husband admitted that he had failed to fulfill the terms of the parties’ divorce judgment. Our inquiry does not stop there, however, because the former wife’s burden was to illustrate a need for support and a commensurate ability to pay on the part of the former husband. The bulk of the former wife’s testimony centered on the fact that the former husband had not complied with the financial terms of the parties’ divorce judgment; she did not offer any evidence to indicate that the former husband could afford to pay her alimony. In fact, although the former wife suffered a difficult financial period before she was able to sell the marital residence, she testified that she was earning approximately $800 per month working part time at “Bingo World” and that she received monthly Social Security benefits in the amount of $1,235. Her brief testimony regarding her living expenses indicated that she was easily defraying those expenses.
 

 In all respects, we conclude that the former wife utterly failed to prove a need for periodic alimony at the time of trial.
 
 See Sosebee
 
 and
 
 Kiefer, supra.
 
 Moreover, she did not rebut the former husband’s contention that, based upon his health issues and living expenses, he could not afford to pay her alimony until the convenience store was profitable, some time in the future.
 
 See Daugherty,
 
 579 So.2d at 1380.
 

 Because the former wife failed to rebut the undisputed evidence indicating that the former husband’s total monthly income of $973 would not enable him to pay any amount of alimony, much less $750 per
 
 *421
 
 month, we reverse the trial court’s judgment. In addition, because we are reversing the underlying judgment, the former wife is no longer a prevailing party, which affects the correctness of the trial court’s attorney-fee award. Thus, we also reverse the trial court’s award of costs and attorney fees to the former wife as well.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . The former wife submitted a copy of the settlement document that indicated that, after paying off the lien, the outstanding mortgage, and her portion of the closing costs, the former wife had netted just over $20,000 from the sale of the marital residence.