MOORE, Judge,
dissenting.
On September 5, 2012, Mary Jo Blount (“the former wife”) filed a petition in the Madison Circuit Court (“the trial court”), seeking a modification of the provisions of a 1990 divorce judgment (“the 1990 judgment”) that incorporated a settlement agreement between the former wife and Dale Herrin Blount (“the former husband”), pursuant to which the former husband agreed to pay the former wife $500 per month in periodic alimony. On May 3, 2013, after a trial, the trial court entered a judgment denying the modification petition, stating, in pertinent part: “The evidence failed to establish a material change in circumstances that would warrant an increase in periodic alimony.” The former wife timely appealed to this court and argues that the trial court’s findings are clearly erroneous. I agree.
A trial court may modify an award of periodic alimony only based upon “a material change in circumstances.” Boudreaux v. Boudreaux, 550 So.2d 1030, 1031 (Ala. Civ.App.1989). For the purposes of a modification of periodic alimony, “a material change in circumstances ... occur[s]” when, following the original award, “ ‘there has been a material change in the financial or economic needs of the payee spouse and the ability of the payor spouse to respond to those needs.’ ” Shewbart v. Shewbart, 149 So.3d 609, 614 (Ala.Civ.App.2013) (quoting McKenzie v. McKenzie, 568 So.2d 819, 820-21 (Ala.Civ.App.1990)).
In this case, the former wife presented undisputed evidence as to the financial and other circumstances of the parties existing at the time of the entry of the 1990 judgment. That evidence indicated that, during their marriage, the parties, among other things, had largely paid for and refurnished a marital residence, acquired other significant real-estate holdings, invested savings, ate out routinely, and employed a maid for housework. See Vajner v. Vajner, 98 So.3d 24, 29 (Ala.Civ.App.2012) (discussing caselaw observing that the former marital standard of living is to be considered when deciding whether a modification of periodic alimony is warranted). At the time of the divorce in 1990, the former wife was 50 years old and worked as a receptionist earning approximately $12,000 to 14,000 per year, although she had been primarily a homemaker during the parties’ marriage.
When they divorced on September 19, 1990, the parties basically divided their marital property equally,[4] with the former wife receiving assets worth approximately $270,000 and the former husband agreeing to pay her periodic alimony of $500 per month out of his gross earnings of approximately $50,000 per year.
Following the divorce, the former wife purchased a home for $121,900, making a $40,000 down payment. In 1993, the wife sold farmland she had acquired in the divorce for $125,000, realizing a $25,000 profit. The former wife deposited her cash *943 assets into an investment account. The former wife obtained various employment throughout the next 20 plus years, never receiving income of more than approximately $32,000 in any given year, and averaging far less than that in earned income.
At the time of the trial on the former wife’s petition to modify, the former wife, who was 72 years old at the time of trial, was working as a ballroom-dance instructor and substitute teacher. In 2012, she reported $28,951 in gross income. In addition to $6,000 in periodic alimony, the former wife also received Social Security retirement benefits of approximately $8,766. Due to aging, multiple health problems, and a lack of current computer skills, the former wife could not find more lucrative employment. The former wife testified that, at the time of the trial, she owed $30,000 on her home and paid $860 per month on her mortgage. According to undisputed testimony, the condition of the former wife’s home had deteriorated and the home needs substantial and costly repairs. The former wife testified that, despite the fact that she lived a modest lifestyle, without lawn-care service, cable television, an operable cellular telephone, a' home-security system, a long-term health-insurance plan, a burial plot, a working computer, or money to eat out, her savings had dwindled over the years to $73,000.
The undisputed evidence in this case clearly shows a material change in the financial circumstances of the former wife since the entry of the 1990 judgment, namely, the increased need of the former wife for support as a result of numerous factors affecting her ability to maintain her former marital standard of living, including, but not limited to, inflation, see Snow v. Snow, 393 So.2d 1020, 1021 (Ala.Civ.App.1981) (observing that inflation without an increase in alimony had affected the former wife’s standard of living), her decreased earning capacity, see, e.g., Bush v. Bush, 784 So.2d 299 (Ala.Civ.App.2000) (holding that a former wife’s lack of employability due to declining health warranted an upward modification of periodic-alimony amount), and the decline of her income-producing assets. See generally Whited v. Whited, 65 So.3d 418 (Ala.Civ.App.2010) (noting that trial court should consider each spouse’s estate in making alimony-modification determination). The combination of those factors, among other reasons, differentiate this case from Webb v. Webb, 780 So.2d 698 (Ala.Civ.App.2000), and Stewart v. Stewart, 536 So.2d 91, 92 (Ala.Civ.App.1988). Furthermore, I am unpersuaded by the reasoning of the main opinion, see 157 So.3d at 941, which appears to impose new and legally unsupported standards on spouses receiving periodic alimony and which assumes findings of fact not made by the trial court in its judgment that, even if they had been made, would not overcome the uncontra-dicted evidence establishing a material change of circumstances.[5]
The evidence showed, without dispute, that the former wife needs additional financial support in order to even approximate the standard of living she enjoyed during the parties’ marriage. During his trial testimony, the former husband acknowledged that the former wife was not enjoying the same standard of living she *944 had enjoyed during the parties’ marriage. The undisputed evidence further shows that the former husband has the ability to meet that increased financial need without undue hardship. “ ‘The failure to award alimony, although discretionary, is arbitrary and capricious when the needs of the [recipient spouse] are shown to merit an award and the [payor spouse] has the ability to pay.’ Hewitt v. Hewitt, 637 So.2d 1382, 1384 (Ala.Civ.App.1994).” Shewbart, 149 So.3d at 616. On this record, the trial court had no grounds for denying the former wife’s petition for increased periodic alimony. Because I would reverse the trial court’s judgment on that issue and remand the case, leaving the issue of attorney fees for the trial court to address on remand, I respectfully dissent.
THOMPSON, P.J., concurs.

. Because of the state of Alabama law at the time, the former wife did not receive any interest in the former husband's retirement benefits.

. For example, even if the trial court had determined that the former wife had underre-ported her taxable income, it still could not have determined from the evidence that the former wife had sufficient income or earning capacity to afford the costs associated with the former marital standard of living. The record contains no evidence indicating that the "correct” amount of the former wife’s income would be sufficient to meet the former wife’s needs.